## SIMEON EASTERLING *v.* THE STATE OF MISSISSIPPI.

1. GRAND JURY: RECORD: PRESUMPTION IN FAVOR OF.—Unless it appear affirmatively to the contrary from the record, it will be presumed, that the grand jury was duly and legally organized, and composed of the legal number of competent persons.

2. SAME: SAME.—The person whose name is indorsed on an indictment as foreman of the grand jury, will be presumed to have been duly appointed as such, unless the record show the contrary.

3. SAME: INDICTMENT: SIGNATURE OF FOREMAN OF GRAND JURY.—It is not necessary for the foreman of the grand jury, in indorsing the return of "a true bill" on an indictment, to sign his full Christian name; it is sufficient if he use the initials.

4. EVIDENCE: RETAILING: PROOF OF LICENSE IS ON THE DEFENDANT.—It is unnecessary for the State, in a prosecution for retailing without license, to prove the negative averment, that the defendant had no license. The fact, if it exist, that the defendant had a license, is peculiarly within his knowledge, and in his power to establish, and ought therefore to be proven by him. See Roscoe's Crim. Ev. (2d ed.), 72; *Gening* v. *The State,* 1 McCord, 573.

5. JUDGMENT: WHEN ENTRY VOID AS A JUDGMENT, THE COURT MAY, AT A SUBSEQUENT TERM, RENDER PROPER JUDGMENT.—An entry on the minutes of the court, recording the verdict of guilty in a criminal case, and ordering that the State "recover of the defendant ——— dollars, together with the costs in this behalf expended," &c., is no judgment; and the court may, therefore, at a subsequent term, render a proper judgment upon the verdict thus recorded.

ERROR to the Circuit Court of Jasper county. Hon. John Watts, judge.

The plaintiff in error was indicted for retailing without a license. The defendant moved to quash the indictment :—

1st. Because the grand jury, who found and returned it into court, consisted of more than eighteen persons.

2d. Because it is not shown, in or by the indictment, or by the caption thereof, that the grand jury, who found and returned it, were residents of the county of Jasper.

3d. Because the indictment is not indorsed "a true bill," by Lazarus J. Jones, who was appointed foreman of the grand jury.

Easterling *v.* State of Mississippi.

4th. Because said bill of indictment is indorsed by L. J. Jones, as foreman of the grand jury; and it is not shown that said L. J. Jones was ever summoned as a grand juror, or appointed foreman.

The court overruled the motion to quash, and the defendant excepted. The record does not contain the names of the grand jury, or any statement in reference to the organization of that body, except the recital, "that at the March Term, A.D. 1857, of said court, the grand jury summoned, elected, empanelled, sworn and charged, to inquire in and for the body of the county of Jasper, appeared in open court, and, through their foreman, returned," &c. The indictment recites, in the usual form: "The grand jurors of the State of Mississippi summoned, elected, empanelled, sworn and charged, to inquire in and for the body and county of Jasper," &c. It is indorsed, "A true bill. L. J. Jones, foreman of the grand jury."

At the September Term, A.D. 1857, the defendant was tried and found guilty. The entry on the minutes, after stating the verdict of the jury, proceeds as follows: "It is, therefore, considered by the court, that the State of Mississippi do recover of and from the defendant, Simeon Easterling, the sum of —— dollars, together with the costs in this behalf expended."

At the next term, the defendant being present in open court, the district attorney " suggested to the court that, although a judgment of twenty-five dollars fine, and one week's imprisonment in the county jail, was pronounced by this court, upon conviction of the defendant, at the last term, yet the said judgment was not entered upon the minutes of the court," and thereupon he " moved the court now here for judgment to be given and entered in this case."

Upon this suggestion and motion, the court imposed a fine of twenty-five dollars, and ordered the defendant to be imprisoned for one week, and to pay the costs; and further ordered, "that this judgment be and the same is now entered as of the last term of this court, and on the 26th day of September, A.D. 1857."

Upon the return of the verdict of guilty, the defendant moved for a new trial, which, being refused, he tendered his bill of exceptions; from which, it appears, that on the trial, the State proved, by three witnesses, that the defendant had, in the county of Jasper,

and within twelve months before the finding of the indictment, sold vinous and spirituous liquors in less quantities than one gallon. This was all the evidence. The court then instructed the jury, at the instance of the district attorney; and refused to instruct them in behalf of the defendant, as stated in the opinion of the court.

After the entry of final judgment, the defendant sued out this writ of error.

*George L. Potter*, for the plaintiff in error,
·    Cited Chitty's Cr. L. 283 a, and 556.

·    *T. J. Wharton*, attorney-general, for the State.

HANDY, J., delivered the opinion of the court.

This was an indictment for retailing spirituous liquors without license.

1. A motion was made in the court below to quash the indictment on several grounds : 1st. Because the grand jury consisted of more than eighteen persons.  2d. Because it does not appear that they were residents of the county.  3d. Because the indictment is not indorsed by Lazarus J. Jones, the foreman of the grand jury, but by the name of L. J. Jones.  This motion was overruled, and that is assigned for error.

As to the first ground of the motion, there is nothing in the record to show what number of persons constituted the grand jury ; and it must therefore be presumed, in support of the judgment, that the objection was not well founded in point of fact.  2d. The indictment shows that the grand jurors were summoned and sworn to inquire in and for the body of the county, &c.  In the absence of all evidence tending to show that they were not residents of the county, it must be presumed that they were duly summoned from the body of the county, and were competent to act as grand jurors. 3d. It does not appear by the record, or by any evidence, what was the name of the foreman of the grand jury ; and it will therefore be presumed, that the court acted properly in overruling this ground of objection.  But even if true, in point of fact, the objection is frivolous ; for, although the name of the foreman was Lazarus J. Jones, yet it was competent for him to indorse the bill under his

signature of L. J. Jones, if, as appears to be conceded, he was one and the same person.

2. Upon the trial, the court instructed the jury, that it did not devolve upon the State to prove that the defendant had no license; but, if he relied upon a license to excuse his selling by retail, it was for him to prove that he had the license; and refused to instruct, at the instance of the defendant, that, unless the State had proved that the defendant had no license, the verdict should be for the defendant.

These rulings were excepted to, but they are clearly correct. The rule is, that when a fact is peculiarly within the knowledge of one of the parties, so that he can have no difficulty in showing it, the presumption of innocence, or of acting according to law, will not render it incumbent on the other side to prove the negative. Roscoe's Crim. Ev. 72 (2d edit.). And, where a party was convicted of selling ale without license, upon mere proof that he had sold ale, and there being no proof that he had sold without license, the conviction was sustained, on the ground that the prosecution need not prove the negative averment; because, if there was a license, it was within the knowledge and power of the defendant, and could be immediately produced; whereas, the proof could not be made by the prosecutor without inconvenience. *Gening* v. *The State*, 1 McCord, 573.

3. The case was tried at September Term, 1857, and the jury returned a verdict against the defendant. The record shows that the court thereupon rendered judgment against him for —— dollars, and the costs of the prosecution. At the next term, the District Attorney moved the court that judgment be entered against the defendant for the sum of twenty-five dollars, and that he be imprisoned in the county jail for one week, that being the judgment of the court at the previous term, but the same not having been entered of record by the clerk. The defendant being in court in person, the court ordered the judgment to be entered accordingly. It is now objected that this was error.

After the verdict was returned, it was the duty of the court to render judgment against the defendant for the penalty prescribed by law; and until that was done, the defendant was not discharged from the custody of the law, and the jurisdiction of the court was

not at an end.   It is manifest here, that the essential thing re-
quired by law had not been done,—an award of the punishment
prescribed by law for the offence ; and that the verdict stood at the
term at which it was rendered without a judgment.   The judgment
purporting to be rendered was without substance, and the judgment
of the law remained to be pronounced.   It was, therefore, compe-
tent for the court, at the next term, to render judgment upon the
verdict for the penalty prescribed by law.   It is not the case of a
judgment merely erroneous, but of one without substance, and void.

Judgment affirmed.