WHARTON *v.* STATE, 41 Miss. R., 680.

### GRAND LARCENY.

A writ of error will not lie where there has been no judgment pronounced by the court below, not even where a judgment of imprisonment has been pronounced, and no term of imprisonment has been fixed.

On a writ of error, where no judgment has been pronounced, the prisoner will be remanded to the court below for the proper judgment.

When the circuit court pronounces a wrong sentence on a prisoner found guilty by a jury, on writ of error the judgment will be reversed, and prisoner released.

Error to Hinds circuit court. WATTS, J.

Frank Wharton, the plaintiff in error, was indicted for grand larceny in the court below, and was convicted.

The clerk of the circuit court of Hinds county certified, in the record of this case, that the judge of the court sentenced plaintiff in error to imprisonment in the penitentiary for five years from the 28th day of May, 1867, and that the failure to insert the term of imprisonment in the judgment of the court was clerical error on his part; that after the conviction of the plaintiff in error, the judge being sick, he gave him the following memorandum:

"THE STATE *v.* FRANK WHARTON. } Larceny. Sentenced to 5 years from the 28th day of May, A. D. 1868."

*T. J. Wharton,* for plaintiff in error,

Insisted that, for the error in the sentence of the court below in not fixing the term of imprisonment, there must be a reversal. It cannot be remanded to the court below to have the proper judgment entered, *nunc pro tunc. The term has elapsed* at which judgment should have been entered. The proper judgment cannot be entered here. Rex v. Kenworthy, 1 Barn. & Cress., 711 ; Rex v. Lookup, 3 Burrows, 1901 ; Rex v. Nichols, 1 Barn. & Ald., 21.

Where an erroneous judgment has been entered in the court below, the appellate court cannot render a new judgment, nor remand the cause for a proper judgment. The judgment must be reversed, and the prisoner discharged. King v. Ellis, 5 Barn. & Cress., 395 ; 11 Eng. Com. Law Rep., 259, reported in 2 Lead. Cr. Cases, 372. In this case, the court say, " It has been urged that the prisoner be remanded to the court below, and there receive the proper sentence, as was done in the case of Rex v. Kenworthy, 1 B. & C., 711 ; but there is this material distinction between the two cases: There, no judgment whatever had been passed in the court below; and this court, therefore, ordered the prisoner to be remanded to the inferior court in order to receive judgment. But here the court below has passed judgment; and that judgment being erroneous, we think there is no ground to send it back to be amended. The consequence is,

that the judgment pronounced by the court below must be reversed," and the prisoner discharged.

In the case of the King v. Bourne *et al.,* 7 Adolph. & Ellis, 3 Eng. Com. Law R., 36, 58, and also reported in 2 Lead. Cr. Cases, 376, the court delivered opinions *seriatim,* holding that that court could neither pass the proper sentence, nor send back the record to the court below in order that it might be done there, but that the judgment must be reversed and the defendants discharged.

In Massachusetts, it has been held that a mistake in any part of a criminal sentence, *however small,* vitiates the whole; and the prisoner is not liable to further procedure. Sheppard v. Commonwealth, 2 Metcalf, 419; Christian v. Commonwealth, 5 ib., 530. And it makes no difference whether the mistake makes in his favor, by way of an award of sentence less than the statute requisition, or against him, by way of a greater. Wilde v. Commonwealth, 2 Metcalf, 408; Strong v. Commonwealth, ib., 360. So in New York, 5 Denio, 97; also in Pennsylvania, Daniels v. Commonwealth, 7 Barr, 371; Drew v. Commonwealth, 1 Wharton, 279. See, also, Regina v. Harnett, Jebb's C. C., 302.

*C. E. Hooker,* attorney general,

Cited Rev. Code, 563, art. 11; Carr v. Copewood, 24 Miss., 256; Green v. State, 23 ib., 509; Porter v. Detterly, 1 S. & M., 163; Pender v. Felts, 2 ib., 535.

SHACKELFORD, C. J.:

The plaintiff in error was indicted for grand larceny, tried and convicted at the May term, 1867, of the Hinds circuit court for the first district.

The record shows the verdict of the jury, finding the plaintiff in error guilty.

The writing on the minutes, after stating the verdict of the jury, proceeds as follows:

"The State of Mississippi v. Frank Wharton, freedman. The defendant having been found guilty of the crime of grand larceny at the present term of this court, is now brought to the

bar of the court to hear his sentence. It is therefore ordered by the court that the said defendant be sentenced to imprisonment in the penitentiary at Jackson, in said state, for and during the term of —— years, and that said imprisonment commence from the 22d of May, 1867," &c.

There was a motion for a new trial, which was overruled by the court.

Exceptions taken to the ruling of the court in refusing plaintiffs in error a new trial.

Hence the case is brought to this court by writ of error.

There are a number of assignments of error; we shall only notice the last, which is as follows:

"The judgment and sentence of the court is erroneous, because no term of imprisonment is fixed."

Counsel for plaintiff in error contends that the judgment being erroneous, there being no time fixed in the sentence, the judgment must be reversed, and the term having elapsed at which he was convicted, the case cannot be remanded to the court below, to have plaintiff in error sentenced *nunc pro tunc;* therefore he must be discharged.

In support of these positions, counsel cites the court to the case of Key v. Ellis, 5 Barn. & Cress., p. 395, 2 Lead. Cr. Cases, 372.

In this case the defendant was convicted of larceny, which was punishable by the statute of 4 Geo. I, ch. 11, with transportation for *seven* years.

The court awarded sentence for *fourteen* years' transportation.

On error it was held that the appellate court could not render a new judgment, nor remand the cause to the court below for a new judgment, and discharged the prisoner.

This prisoner was discharged because there was a *wrong sentence and judgment.*

In the case of the plaintiff in error, there was no wrong judgment or sentence; he was not sentenced for a longer term than was prescribed by law for the offense of which he was convicted.

In what purports to be a judgment and sentence, appearing

in the record, there is *no time* fixed for his imprisonment; consequently it is a nullity.

It is entirely without substance; the most important and only requisite to constitute it a judgment or a sentence is wanting— the penalty prescribed by law for the offense of which plaintiff in error was convicted is omitted.   Easterling v. The State, 35 Miss., p. 210.

The verdict stands in the court below without judgment.

The plaintiff in error is still in the custody of the law as an unsentenced convict.

There being no judgment in the case, this court has no jurisdiction of it.   A writ of error will not lie when there is no judgment.   Porter v. Detterly, 1 S. & M. Rep., 163; 2 ib., p. 27; 3 ib., 588; 11 ib., Loftus v. State, 358.

. Therefore this cause must be dismissed from this court and remanded to the circuit court of Hinds county for the first district, with instructions to the judge to pronounce the sentence and the judgment of the law upon the verdict of the jury.