## SAMUEL FAIRLY *v.* THE STATE.

1. RETAILING LIQUOR. *Weight of evidence. Instruction.*

   On the trial of F. for retailing liquors without license, it was necessary to show that certain bitters which he had sold was spirituous liquor. The court instructed the jury "that the fact that D. was made drunk by the use of the bitters was proof of such fact." *Held,* that this was an instruction upon the weight of evidence, and should not have been given.

2. SAME. *Negative averment as to license. Burden of proof.*

   The negative averment in an indictment for retailing liquor that the liquor was sold without license need not be proven by the State.

APPEAL from the Circuit Court of Harrison County.

HON. S. H. TERRAL, Judge.

Samuel Fairly was indicted for selling liquor in a less quantity than one gallon without a license. It was shown that he had sold " Hickory " and " Garrie Owen " bitters. The defendant in his third instruction proposed asked the court to instruct the jury " That the State is bound to prove before they can find the defendant guilty that either the Hickory bitters or the Garrie Owen bitters was spirituous liquors." The court refused to give this instruction as asked, but amended it by adding the words, " and evidence that the witness, Samuel Davis, was made drunk by the use of the bitters is proof that it was spirituous liquors." The defendant asked the court in his second instruction to instruct the jury " That the State is bound to prove every material allegation in said indictment, and the charge in said indictment that the defendant did unlawfully sell spirituous liquors in less quantity than one gallon without a license is a material charge, and if the jury believe from the evidence that the State has failed to make this proof, they will find defendant not guilty." The court refused to give this instruction. The defendant was convicted, and appealed to this court.

*Roderick Seal,* for the appellant.

The second instruction asked for the defendant should have been given, and the refusal to give it denied the jury the right to weigh the evidence.

The court erred in changing the third instruction asked for by defendant Fairly, and in telling the jury that " evidence that the witness, Samuel Davis, was made drunk by the use of the bitters, is proof that it was spirituous liquors." He might have been made drunk by beer, wine, or drugs. This is a new way of proving that the bitters were spirituous liquors to uphold a conviction.

We say the court erred in overruling the motion for a new trial.

*T. M. Miller,* Attorney General, for the State, filed no brief, but admitted orally that the modification by the court below of the third instruction given for the appellant made it a charge upon the weight of the evidence, and declined to argue the case.

Arnold, J., delivered the opinion of the court.

The court was requested to instruct the jury for appellant, " That the State is bound to prove before they can find the defendant guilty that either the Hickory bitters or the Garrie Owens bitters was spirituous liquors." The court refused this instruction, but gave it to the jury after adding to it these words : "And evidence that the witness, Sam Davis, was made drunk by the use of the bitters, is proof that it was spirituous liquors." To this action of the court the appellant objected, and there was good reason to object. The instruction as modified and given was a charge as to the weight of the evidence and should not have been given. Code, § 1714. Whether the bitters were spirituous liquors or not and what amount of evidence would constitute proof, were questions to be determined by the jury and not by the court. The instructions asked by appellant to the effect that it devolved on the State to prove every material allegation in the indictment, and that the allegations that defendant did unlawfully sell spirituous liquors, without license, in a less quantity than one gallon, were material and must be proved by the State was properly refused, for the reason that it was not incumbent on the State to prove the negative averment that the defendant had no license. *Easterling* v. *The State*, 35 Miss. 210 ; *Thomas* v. *The State*, 37 Ib. 353.

*Reversed.*