### MILLER v. STATE.

[63 South. 269.]

1. SALE OF COCAINE. *Illegal sale. Defenses. Burden of proof. Presumptions.*

   In a prosecution for the unlawful sale of cocaine, it is not incumbent on the state to show that the sale was not made upon a physician's certificate, but the burden of proof is on the defendant to show that it was so made if he relies upon this as a defense, that fact being peculiarly within his knowledge.

2. ILLEGAL SALES. *Cocaine.* Defenses. Presumptions.

    In a prosecution for the unlawful sale of cocaine, there is a double *prima facie* presumption, first, that the person to whom a sale is made does not belong to the exception class of persons to whom the right to practice medicine or dentistry is given, and second, that as at one time he had no such right he has none now.

APPEAL from the circuit court of Winston county. HON. J. A. TEAT, Judge.

Jim Miller was convicted of the unlawful sale of cocaine and appeals.

The facts are sufficiently stated in the opinion of the court.

*H. L. Hopkins,* for appellant.

It will be seen that this is a conviction under Chapter 186, Acts 1910, for the unlawful sale of cocaine. It will also be seen that the defendant was tried without the aid of counsel, and that counsel first appeared in the case upon the presentation of a motion for a new trial.

The motion should have been sustained, because the required elements of said act and of the indictment necessary upon which to sustain a conviction were not attempted to be brought out and proved by the state; that is, that the person to whom the cocaine was charged to have been sold was not a regular practicing physician or dentist, or that it was not upon the prescription of such physician, etc. Neither was it shown by the testimony that the thing sold, if anything, was cocaine, although there was an attempt to do it.

It may be argued that it devolved upon the defendant to have shown, as a matter of defense, that the person to whom the cocaine was charged to have been sold was not a regular practicing physician, etc., as is required of defendant to show license if he has it on a charge of unlawful retailing. But now in these cases of unlawful retailing this court has uniformly held that it is in-

cumbent on the defendant to show license in such cases as he has it upon one proposition only; and that is, "that when a fact is peculiarly within the knowledge of one of the parties so that he can have no difficulty in showing it, the presumption of innocense, or acting according to law, will not render it incumbent on the other side to prove the negative." Of course to possess a license for anything is peculiarly in the knowledge of the individual possessing it. But what some other person might possess, or what they might be or not be, cannot be said to be peculiarly within the knowledge of the defendant. The severity of the punishment in a case like this requires the state to make out its case according to law, and not leave the jury to assume anything of a material nature not bought out by the evidence. ·

This being a felony, and the defendant being before the court without counsel, the court should have instructed the jury fully as to defendant's rights in the premises. So upon the whole we think this case should be reversed.

*Frank Johnston*, assistant attorney-general, for the state.

After the fact of the sale was proven and after the state had shown that this man, Jim Miller, the vendor of the cocaine, was walking around with a lot of cocaine on his person and that he was a negro and that Genie Hickman was a negro boy, the inference was clear, in the absence of any further testimony on the subject, that neither Miller nor Genie Hickman were physicians or dentists, and moreover, there is nothing in the case, even in the remotest degree, suggestive of the idea that this cocaine was dispensed by Jim Miller who was a cocaine dealer, on the prescription of a physician. The least that can be said of the evidence for the state is that it makes out an ample *prima facie* guilt against the defendant.

Aside from this point, I call the attention of the court to the fact that the objection that the state did not prove

that these paarties were not physicians or dentists was never made in the case except in a motion for a new trial. The point is not technically well taken in a motion for a new trial on the ground of a defect in evidence, because it appear inferentially from the whole body of the testimony in the case, that these people were all negroes and not dentists or physicians, and that the sale was illegal.

After the *prima facie* case presented by the state, of course it then devolved upon the defendant to bring himself within the exceptions named in the statute which he made no pretense of doing.

I call the attention of the court to the one charge given for the state to the jury which leaves the issue exclusively with the jury to decide beyond a reasonable doubt, whether the defendant sold to Genie Hickman the cocaine and whether at the time, he was a licensed physician or dentist, or made the sale upon the prescription of such physician or dentist. The jury, therefore, had this question in both aspects before them as to whether he actually made the sale and whether there was any physician or dentist involved in the sale; and on the whole testimony, the jury found, very naturally and properly, that he sold the cocaine, in fact, and that he did not sell it to a physician or a dentist, or on the prescription of a physician or a dentist.

I respectfully submit, therefore, to the court that the judgment should be affirmed.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction for an unlawful sale of cocaine.

Appellant's complaint is that the state failed to prove that the person to whom the sale was made was not a regular licensed physician or dentist, and that the sale was not made upon a physician's prescription. If this sale was made upon the prescription of a physician, that fact lies peculiarly within the knowledge of the defend-

ant, and, consequently, it devolves upon him, and not upon the state, to establish it. *Easterling* v. *State,* 35 Miss. 210; *Thomas* v. *State,* 37 Miss. 353; *Fairly* v. *State,* 63 Miss. 333.

There was no direct evidence that the negro boy to whom the sale was made was not a physician or dentist; but the presumption is that he is neither, and therefore, if he is a physician or dentist, it devolves upon the defendant to prove it.

Section 1051 of the third edition of Bishop on Statutory Crimes is as follows: "Must the negative averment, that the defendant was not licensed or otherwise authorized to make the sales [intoxicating liquors], be proved? Now, in principle, as this negative matter is a part of the government's case against the defendant, it must in some way be made *prima facie* to appear at the trial. But not all of every case is established by oral testimony, depositions, and other documents. Much is derived from presumption. One of the presumptions is that what is common in general prevails in the particular; another, that a fact the existence of which is once shown continues. Therefore, where the general law withholds from the mass of the people the right to make the particular sale in controversy, and permits it only to exceptional persons, of every one of whom it is certainly true that at some time he was not allowed to do it, the *prima facie* presumption is double: First, that the instance in controversy accords with what is general; and, secondly, that as at one time the defendant had no license he has none now."

It is true that Mr. Bishop in this section is dealing with the question of proof of defendant's authority to sell at all, and not of his authority to sell to a particular person; but the reasoning by which he supports the rule there announced applies with equal force here. The state withholds from the mass of the people the right to practice the professions of medicine and of dentistry, and

grants it only to exceptional persons, of every one whom it is certainly true that at one time he was not allowed to practice as such. We have here, therefore, a double *prima facie* presumption: First, that the person to whom this sale was made does not belong to the exceptional class of persons to whom the right to practice medicine or dentistry has been given; and, second, that as at one time he had no such right. he has none now.

*Affirmed.*