ROBERTSON, Justice:
David Purdy was indicted, tried and convicted in the Circuit Court of Jackson *827 County of unlawfully selling 870 white phenobarbital tablets and was sentenced to serve two years in the state penitentiary. He appeals.
On April 2, 1971, Purdy approached an undercover narcotics agent of the Pasca-goula Police Department and asked him if he wanted to buy any more “dope”.
The undercover agent had made a purchase from Purdy a few days before. The undercover agent had long hair, wore a headband, was dressed in blue jeans, a T-shirt, and a field jacket with a flag on the back.
Agent Bulloch testified that Purdy said:
“ T have got just about anything you want, and I’ll let you pick it out.’ He said, T need $20.00.’

“We then got in his car and headed over to US 90, got on old Highway 90 and went west about four miles and turned onto an old shell road, went a little ways and stopped by a trash pile down there.”
Appellant got a blue Purex bottle, counted out 870 white phenobarbital tablets to Bulloch for which he gave appellant a $20.00 bill.
Dr. Arthur Hume, a toxicologist with the Mississippi Crime Laboratory, testified that these pills were analyzed by ultraviolet spectrophotometry and gas chromatography; that these tablets contained phenobarbital barbiturate. Dr. Hume testified that he examined and analyzed these tablets for barbiturates only and that he used ethyl ether to extract the active ingredient of phenobarbital.
There were four assignments of error. The first had to do with the fact that the indictment charged that unlawfully selling these phenobarbital tablets was “in violation of the Uniform Controlled Substances Act of 1971.”
Appellant contends that this Act did not go into effect until April 16, 1971, and that this offense was committed on April 2, 1971.
The complete answer to this contention is that the selling of any barbiturate was a crime under the Barbituric Acid and Stimulant Control Act of 1962 (Chapter 396, General Laws of Mississippi, 1962) which was in effect until repealed by the Uniform Controlled Substances Act of 1971. So the selling of any barbiturate was a crime on April 2, 1971 under the old Act.
We said in Alston v. State, 258 So.2d 436 (Miss.1972):
“We hold that the indictment was valid for the following reasons: (1) It is not necessary to designate the statute under which an indictment is drawn, and if the crime is charged in words aptly charging the offense the indictment is sufficient. Pearson v. State, 248 Miss. 353, 158 So.2d 710 (1963). The sale of marijuana constituted a crime before the 1971 Act, and likewise constitutes a crime under the 1971 Act. The indictment aptly charged the crime of selling marijuana under the previous law, and reference to the 1971 Act at most was mere surplusage. Dendy v. State, 224 Miss. 208, 79 So.2d 827 (1955).” 258 So.2d at 437.
The second assignment of error was that the Court erred in admitting into evidence State’s Exhibit No. 1 (the phenobarbital tablets) because the chain of custody was not sufficiently proved from the time of the sale until they were introduced into evidence. The custody of these phenobarbital tablets was meticulously traced from agent Bulloch to Captain Wayne Howard, Chief of the Narcotics Office, Pascagoula Police Department, to Chief of Police Owen Davis, to Dr. Arthur Hume of the Mississippi Crime Laboratory. There is no merit in this contention.
Appellant next contends that the State failed to prove each and every ele *828 ment of the crime charged in that it did not fully analyze the phenobarbital tablets and did not negate the possibility that these tablets might fall within one of the seven exemptions noted in the Barbituric Acid and Stimulant Control Act of 1962.
Section 3 of that Act provided:
“Exemptions. — (a) Nothing in this act shall apply to a compound, mixture, or preparation containing salts or derivatives of barbituric acid which is sold in good faith for the purpose for which it is intended and not for the purpose of evading the provisions of this act if (Emphasis added), then follows the seven exemptions.
The appellant offered no proof but rested when the court overruled his motion for a directed verdict. It was necessary for the appellant to first prove that these phenobarbital tablets were sold "in good faith for the purpose for which it is intended and not for the purpose of evading the provisions of this act” before he could even attempt to qualify these tablets under one of the seven exemptions mentioned in the act. This would be in the nature of an affirmative defense and the burden would be on the appellant to prove that he fits within the exemption.
Section 2081, Mississippi Code 1942 Annotated (Supp.1971), provides that anyone charged with carrying a concealed deadly weapon “may show as a defense: (a) That he was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend.” Section 2081 then lists eight other defenses, any one of which could be interposed, but Section 2081 closes with this specific language: “And the burden of proving either of said defenses shall be on the accused.”
There is no merit in assignment of error number 4 that the trial court erred in refusing to sustain a motion for mistrial because of improper remarks of the district attorney in his closing argument.
The judgment is, therefore, affirmed.
Affirmed.
.GILLESPIE, C. J., and JONES, BRADY and INZER, JJ., concur.