RODGERS, Presiding Justice.
The appellant was tried and convicted in the Lauderdale County Circuit Court of the crime of delivering marijuana to one Eddie E. Nealey, and sentenced to serve four (4) years in the state penitentiary with three (3) years of the sentence suspended.
The appellant contends first that the court should have directed a verdict of not *923 guilty, because the testimony of the state is not sufficient to overcome the presumption of innocence. We think that the proof offered by the state showing that the defendant Heidelberg delivered marijuana to the individual named in the indictment is ample to sustain the verdict. Appellant argues, however, that Section 6831-63, Mississippi Code 1942 Annotated (Supp. 1972) permits certain persons to have lawful possession of marijuana, and the right to deliver this controlled substance; therefore, the state had the burden of proof to show that the defendant was not one of the persons privileged to possess and deliver marijuana. It is then argued that since the State of Mississippi failed to offer proof that defendant was not one of the privileged persons, the defendant was entitled to a directed verdict of acquittal.
The defendant Heidelberg first presented the theory that the state was required to negate the exceptions set out in the statute by a demurrer to the indictment. After the state rested at the close of its testimony, the defendant made a motion for a directed verdict upon the ground that the state failed to show that defendant was not one of the persons licensed and privileged to possess and deliver marijuana.
It will be observed that marijuana is one of the controlled substances listed under Section 6831-57 (c) Hallucinogenic Substances, No. (10), Mississippi Code 1942 Annotated (Supp.1972).
The pertinent part of Section 6831-70, Mississippi Code 1942 (Supp.1972) is as follows:
“(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
Any person who violates this subsection with respect to:
* * * * * *
(2) Any other controlled substance classified in Schedules I, II or III, as set out in Sections 6831-57, 6831-58 and 6831-59, Mississippi Code of 1942, is guilty of a felony and upon conviction may be imprisoned for not more than ten (10) years, or fined not more than Fifteen Thousand Dollars ($15,000.00), or both; ...”
The theory that the state is required to negate the exceptions mentioned in the controlled substance statutes as to the indictment and as to the burden of proof is foreclosed by Section 6831-90, Mississippi Code 1942 Annotated (Supp.1972).
This Court has heretofore ruled adversely to appellant’s argument on a similar situation. See Purdy v. State, 264 So.2d 826 (Miss.1972).[1]
We find no error in the instructions, and we are of the opinion that the testimony was adequate to sustain a jury verdict. For that reason the judgment and sentence of the trial court must be affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.

. The theory here presented has an interesting history which may be pursued in the following authorities, beginning with the general rule set forth in 42 C.J.S. Indictments and Informations § 140, p. 1043 (1944) and 72 C.J.S. Poisons § lid (1), p. 193; and § lld(3)(b), p. 196 (1951). See also 22A C.J.S. Criminal Law § 573, p. 317 (1961). Our Court settled this question as early as 1913. See Miller v. State, 105 Miss. 777, 63 So. 269 (1913), sale of cocaine. See also rule where proof was required. State v. Speaks, 132 Miss. 159, 96 So. 176 (1923). See list of authorities under <§=>111, Indictment and Information, West’s Mississippi Digest, Vol. 8.