STATEN *v*. THE STATE, 30 Miss. Rep., 619.

### HOMICIDE.

Homicide is justifiable where the accused had a reasonable ground to apprehend a
design to commit a felony, or do some great personal injury to his wife, and there is
imminent danger of the design being accomplished.

The accused must be entitled to have rules distinctly declared to the jury.

Error to Yalobusha circuit court. HARRIS, J.

*Yerger & Rucks*, and *F. Anderson*, for plaintiff in error.

The plaintiff in error was convicted in the circuit court of
Yalobusha county, of manslaughter in the second degree, upon
an indictment purporting to be found in the circuit court of
Tallahatchie county ; it being alleged that the venue was
changed from Tallahatchie county. The judgment must be re-
versed for several errors :

1. The record contains no evidence, that the circuit court of
Yalobusha county had jurisdiction of the cause. It is true, it is
alleged that the venue was changed from Tallahatchie county,
but the record contains no legal evidence of any order changing
the venue in said cause, nor any legal evidence that any bill of
indictment, or other proceedings, were had in the circuit court
of Tallahatchie county, for the offense of which the plaintiff in
error was convicted.

It is true, there will be found in the transcript, copies of cer-
tain orders and proceedings, purporting to have been made and
had in the circuit court of Tallahatchie county, which the clerk

of the circuit court of Yalobusha recites to have been delivered to him by the clerk of Tallahatchie.

These loose memoranda are not certified by the clerk of Tallahatchie county to be copies of the orders and proceedings had in that court. They have no seal of the court attached to them, and do not even purport to be copies of all the orders and proceedings in the circuit court of Tallahatchie county.

2. This court, therefore, cannot regard them as evidence for any purpose, nor could the circuit court of Yalobusha county. The court in Yalobusha county could only have jurisdiction of this cause by a change of venue, regularly made. This fact the record must show affirmatively. 1 Stark. Ev., 189; Dyson v. The State, 4 Cushm., 383; 1 ib., 502; 4 ib., 176.

3. The court erred in giving the seventh instruction, which is in these words: "If the jury believe, from the evidence, that the defendant killed the deceased at a time when there was no danger from the deceased to the defendant's family, or sister, and upon revenge for a supposed insult to his family, in the heat of blood, this is at least manslaughter."

This charge is error, because the defendant was entitled to an acquittal, if he had reasonable ground to apprehend a design on the part of the deceased to commit a felony, or to do some great personal injury to himself, or some member of his family; and there was imminent danger of such design being accomplished. Hutch. Code, 957.

Under the instruction, as given by the court—although the jury may have believed the defendant had reasonable ground to apprehend, on the part of deceased, a design to commit a felony, or to do some great personal injury to himself or family—they could not have acquitted him; the charge was therefore erroneous. Dyson v. State, 26 Miss., 383; McDaniel v. State, 8 S. & M., 417.

4. The court erred in compelling the prisoner to go to trial, without giving him a copy of the *venire*. He was indicted for murder, and on a previous trial had been found guilty of manslaughter; but, as the indictment for murder was still in existence against him, he was put upon his trial for murder; and the previous acquittal could only avail him by way of defense—by

plea or evidence given of the former acquittal. He was, in fact, on trial for murder, and might have been, and would have been convicted of it, if the facts had warranted a conviction, unless he showed, by way of defense, the former acquittal.

5. The court erred in giving the first instruction, because it assumes, as a fact proven, that the defendant was guilty of the homicide charged, and that this homicide was committed with malice aforethought.

6. The third and sixth instructions for the state should not have been given, unless the court had also charged the jury in reference to the different degrees of manslaughter, as defined by our statute; there being no crime of manslaughter, as known at the common law, in this state.

7. The tenth instruction was erroneous. It is obnoxious to the same objection as the seventh instruction; and, by the use of the word "apparent," was calculated to mislead the jury.

8. A new trial ought to have been granted, because the killing, at most, could not exceed manslaughter in the third degree. Hutch. Code, 958.

To constitute manslaughter in the second degree, the killing must be done "*in a cruel and unusual manner.*"

Manslaughter in the third degree, is defined precisely as manslaughter in the second degree, except that the words "dangerous weapon" are substituted for "in a cruel and unusual manner." In this case there is no pretense that the killing was done in "a cruel and unusual manner." On the contrary, the circumstances as proved, show most clearly, in our opinion, a case of excusable homicide; and if manslaughter can be predicated of it at all, it surely can not be held to be in a degree higher than manslaughter in the second degree.

*D. C. Glenn,* attorney general.

Argued the case orally; but no memoranda or brief of his argument have come to the possession of the reporter.

HANDY, J.:

This was an indictment found in the Tallahatchie circuit court, against the plaintiff in error, for murder. At the instance of the accused, the *venue* was changed to Yalobusha circuit court, where

he was tried, and found guilty of manslaughter in the second degree, and judgment rendered. The case was thereupon brought to this court and the judgment reversed, and a new trial awarded. Upon this trial a verdict was again found against the plaintiff in error, of guilty of manslaughter in the second degree, and judgment rendered thereon. To this judgment, the present writ of error is prosecuted.

Several questions have been presented in the argument by the counsel for the plaintiff in error, as grounds of error in the proceedings below. These questions are important, and not free from difficulty ; and in all probability, the two members of the court sitting in the cause, would not agree in opinion upon them, and no decision would be made upon them. We, therefore, deem it proper to present no views in relation to those points, but will proceed to consider a material point, which is decisive of the case as it is now presented.

The court instructed the jury, at the instance of the state, as follows :

" If the jury believe, from the evidence, that the defendant killed the deceased at a time when there was no danger from the deceased to the defendant's family, or sister, and upon revenge for a supposed insult to his family, in the heat of blood, this is at least manslaughter.

" If the jury believe, from the evidence, that Hamblin was unarmed at the time the defendant killed him, and there was no real or apparent danger from him at the time of killing, either to Staten himself, or to his wife or sister, or family, then the killing is neither justifiable nor excusable."

Without a particular detail of the evidence, and of the circumstances under which the killing was done, it is sufficient for the purpose of testing the propriety of these instructions, to observe, that there was testimony tending to show that the deceased had entered the bed-chamber in which the wife of the accused (she being sick at the time), and his sister were asleep, and after midnight; that he aroused the sister by putting his hand on her ; that she told him to go away, and that he went under Mrs. Staten's bed, which was in the same room ; that after a short time, she went into the room where Staten was sleeping, and

awoke him, and told him that the deceased was in his wife's room, and he arose and went immediately into his wife's room, and a noise like the falling over chairs was heard; and that shortly afterwards the deceased was seen bleeding, and lived but a short time, being stabbed in several places. There is also evidence tending to show that the deceased took supper that night at Staten's house, and was there after supper, and in the room where Staten's wife was, in company with Staten; but that Staten supposed he had gone home, when he was informed by his sister that he was in his wife's room.

The statute provides that homicide is justifiable " when committed in the lawful defense of a person, or of his or her husband, wife, parent, child, master, mistress or servant, when there shall be a reasonable ground to apprehend a design to commit a felony, or to do some great personal injury, and there shall be imminent danger of such design being accomplished." Hutch. Code, 957.

The instructions above stated do not declare the rule in conformity to this statute. If the accused had a " reasonable ground to apprehend a design *to commit a felony,* or to *do some great personal injury* to his wife, and there was imminent danger of the design being accomplished," he was justifiable in the killing. But the instructions do not give the accused the benefit of the apprehension of danger, in the particulars specified in the statute; and the jury were left free to put whatever construction they deemed proper upon the general terms, " *danger to himself or his wife,*" etc. They might have supposed that it required *danger to life,* in order to justify the killing, and hence concluded that, as there was no evidence of such danger, the killing was unjustifiable; whereas the statute distinctly recognizes *a just apprehension of immediate danger of the commission of a felony, or of some great personal injury or bodily harm,* as a justification. The plaintiff in error was entitled to have the rule thus distinctly declared to the jury; and for the error in this respect in the instructions, the judgment is reversed, and the cause remanded, and a new trial awarded.

FISHER, J., having been of counsel in the court below, took no part in the decision of the cause.