## Calvin Douglas v. The State of Mississippi.

**Murder — Erroneous Instruction.**

> An instruction for the State in a murder trial that announces that in case of homicide "the justification must arise out of the perilous situation of the slayer and a necessity to take life in order to extricate himself from imminent, present and urgent danger to his own life, or great personal injury," is erroneous in omitting the qualification that a reasonable apprehension of such danger, honestly entertained, is equally available.[1]

**Same — When Erroneous Instruction Not Cured.**

> In the trial of a murder case, where the facts make it doubtful as to the degree of crime of which the accused is guilty, and he is convicted of murder, the doctrine that one instruction cures the defects in another will not be applied.[2]

Calvin Douglas was convicted of murder in the Circuit Court of Adams county and sentenced to the penitentiary for life, and

---

[1]

In order to justify a killing on the ground of self-defense, there must be some overt act, indicating a present intent to kill the party, or do him some great personal injury, and the danger of such design being accomplished must be imminent, that is to say, immediate, pressing and unavoidable at the time of killing. Mere fears of a design to commit a felony, or to do some great personal injury to the party, though honestly entertained by the slayer unaccompanied by any overt act, indicating a design immediately to commit the felony, or to do the injury, will not justify the killing. Dyson's case, 4 Cush. 362; Wesley's case, 37 Miss. 327.

To justify a homicide on the ground of self-defense, the danger must be actual, present and urgent, or the slayer must have reasonable grounds to apprehend a design on the part of the deceased to commit a felony, or to do him some great bodily harm, and that there is imminent danger of such design being accomplished. In every case where a homicide is sought to be justified on the ground of self-defense, it must appear from the testimony in the cause that the danger was urgent, present and imminent, and that no reasonable mode of warding it off or escaping from it existed, except to take life. Evans' case, 44 Miss. 762, citing Wesley's case, 37 Miss. 327.

Every man is justified in protecting his own life and limb, at whatever hazard, but the danger must be imminent, present and immediate. A mere fear or apprehension, arising from previous threats communicated, afford no excuse, unless, at the time of killing, an effort was being made to put the threats in execution, and a real or apparent necessity existed at the time to slay, in order to prevent it. Head's case, 44 Miss. 231.

appeals. The facts are sufficiently stated in the opinion of the court.

Appealed from Circuit Court, Adams county, Ralph North, Judge.

Reversed and new trial awarded, March 15, 1881.

*Attorney for appellant, by appointment of court, J. B. Harris.*

*Attorney for the State, T. C. Catchings, Attorney-General.*

Brief of J. B. Harris:

The plaintiff in error was indicted for murder and tried and convicted of that offense at the June term, 1880, of the Circuit Court of Adams county, and sentenced to the penitentiary for life.

Whilst the danger should be apparently imminent, yet it is not essential that it should be immediate and impending at the very moment of the killing. A party may anticipate the attack of his antagonist, and justifiably slay him, if, under all the circumstances, such course be necessary to protect himself. Cotton's case, 31 Miss. 504.

In a murder case it is proper to instruct that "mere fear, or apprehension, or belief, however sincerely entertained" by the accused that the deceased intended to take his life, will not justify the killing. The apprehension must be a reasonable one, arising out of the circumstances surrounding the accused, as to which the jury is to determine. Kendrick *v.* State, 55 Miss. 436.

And it is not error to refuse instructions making the right of self-defense dependent upon the mere belief of accused. Parker *v.* State, 55 Miss. 414.

On a murder trial an instruction for the State in these words is erroneous: "Fear or apprehension, however sincerely entertained by the defendant, that the accused designed to take his life, or to do him some great bodily harm, affords no excuse or justification whatever to the defendant. He may have had a lively apprehension that his life was in imminent danger, and sincerely have believed that the ground of his apprehension was just and reasonable, yet, if he acted upon them (such apprehension and belief), and in doing so killed the deceased, he did so at his peril." This is misleading in failing to tell the jury what "peril" is meant, and it is probable that it conveys the idea, which, if true, abridged the right of self-defense from apparent danger. Spivey *v.* State, 58 Miss. 858.

Under section 2631, Code of 1871 (Code 1880, § 2878; Code 1892, § 1152), to justify homicide on the ground of self-defense, there must be something shown in the conduct of the deceased indicating a present intention to kill, or to do some great personal injury to the slayer, and immediate danger of such intention being accomplished. Mere fears or belief are in-

The defendant made a motion for a new trial, embodying all the grounds upon which we shall rely here, and the motion was overruled. We think the court erred in this ruling—

First. Because the testimony, which is direct, does not warrant a verdict of murder, but shows that, if not entitled to an

---

sufficient. The slayer may act on appearances, but they must indicate danger. Scott v. State, 56 Miss. 287.

Where self-defense is availed of in a murder case, it must appear that the danger to the slayer was present, active and apparently imminent, in order to create a reasonable belief of danger. Jefferson v. State, 52 Miss. 767.

Where one is assailed by another whose conduct indicates the intention and ability immediately to do the assailed some great bodily harm, and he, having good ground to believe, and, in fact, believing that he is in immediate danger of the accomplishment of the assailant's purpose, slays the latter, the killing is justifiable, although the assailant has no deadly weapon, provided the slayer is at the time ignorant of this fact. Bang v. State, 60 Miss. 571.

The evidence showed that accused had been drunk and riotous, and had shot a man, but it also appeared that the deceased and others, in going to him to induce him to leave town, went armed, and exhibited their weapons, so as to rouse in him a reasonable apprehension for his life. Held, that he was justified in killing the deceased. Lamar v. State, 64 Miss. 528; 1 So. 354.

One may not repel the attack of an unarmed man, not his superior in physical power, by slaying him; for such attack does not furnish sufficient reason, to one of ordinary strength and courage, to anticipate danger to life, or great bodily harm, such as justifies the killing of an adversary. Hall v. State, 1 So. 351.

An instruction that if the jury believed that B., on the simple request of K. for an explanation as to trouble B. had with K.'s brother, became angered and assaulted K. with a stick, capable, in his hand, of inflicting great bodily harm, and K. believed that such injury was about to be inflicted, and reasonably believed it necessary to shoot, he had a right to shoot B., and they should acquit, is proper. King v. State, 23 So. 766.

·An instruction on self-defense, in a homicide·case, that the danger to the defendant must have been so urgent that there was no reasonable mode of escape except to take the life of deceased, is erroneous. Ellerbee v. State, 30 So. 57.

An instruction which makes actual danger essential to the right of self-defense is erroneous. Godwin v. State, 73 Miss. 873; 19 So. 712.

On a trial for murder, an instruction that if, at the time of the shooting, deceased's conduct was such as to excite in the mind of accused the belief that he had the means and proposed to kill him, accused was justified in anticipating the attack and protecting his own life by taking that of his adversary, thought the jury believed from after developments that the danger was only apparent, is not erroneous, since an accused is justified in acting on the facts as they reasonably appear to him. McCrory v. State, 25 So. 671.

Defendant's testimony tending to show that he shot prosecutor in self-

acquittal on the justifiable ground of necessary self-defense, the degree of the defendant's crime certainly does not rise beyond manslaughter.

Second. Because the defendant did not have the fair and impartial trial that the law declares he shall have.

Third. Because the court clearly erred in the instructions in leaving the jury no middle ground for a verdict between murder and an acquittal, the jury being substantially charged to find the prisoner guilty, as charged, or to acquit.

In the discussion of the first point we confine ourselves entirely to the testimony of the eye-witnesses to the killing and the causes which led to it. To begin, then, we will state that, so far as the

---

defense, it was error to refuse to charge that if, at the time, defendant had reasonable ground to believe, and did believe, that he was in great bodily danger from prosecutor, he was justified in shooting him, though defendant was in no danger. Johnson *v.* State, 27 So. 880.

Where a defendant believed, when he committed the homicide, that he was in imminent danger of being killed by decedent, he was entitled to acquittal, though there was no danger in fact. Johnson *v.* State, 30 So. 39.

Where defendant was on trial for manslaughter, it was error to charge that unless, at the time of the killing, defendant was in real or apparent danger at the hands of the deceased, and the killing was unavoidable, the jury must convict him, since flight, which is one of the means of avoiding danger which was necessary to be made at common law, is not required in Mississippi. McCall *v.* State, 29 So. 1003.

Mere blows with fist and foot do not amount to "great bodily harm," and will not justify the party assaulted in taking the life of his adversary with a deadly weapon. Chase *v.* State, 46 Miss. 683.

No exact definition of an overt act can be given. The term embraces anything which evinces a present design to make an assault. Holly *v.* State, 55 Miss. 424.

The words, "great personal injury," in paragraph (f), section 1230, Code of 1906, are equivalent to the term "great bodily harm," or "danger of loss of life or limb," or "enormous bodily harm," as defined by the rules of the common law. Green *v.* State, 28 Miss. 687.

A man may justifiably slay another if he have reasonable ground to apprehend a design on the part of the latter to commit a felony or to do some great personal injury to his wife, and there shall be imminent danger, etc.; and this right extends not only to the protection of the life of the wife, but to her chastity as well. Staten *v.* State, 30 Miss. 619.

In passing upon the action of the accused, the jury should not try him by the light of after-developed events, nor hold him to the same cool and correct judgment which they are able to form. They should put themselves in his place, and judge of his act by the facts and circumstances by which he was surrounded. They should not, however, give him the benefit of personal

undisputed testimony of the witnesses can establish a fact, it is fully established that deceased was a bad, dangerous, and violent character, while the prisoner is the reverse, being peaceable and quiet and of otherwise good character; that Calvin Douglas was weak and sick at the time of the conflict, and that the deceased was the aggressor throughout. From undisputed facts, then, we gather the following state of case: A difference of opinion arose about a small sum of money, which the deceased claimed was due him from the prisoner, namely, the difference between 15 cents and 50 cents. The deceased swore that he would cut the prisoner's throat if he did not pay what he demanded. The first

timidity or needless fears. Long *v.* State, 52 Miss. 23; Hood *v.* State, 27 So. 643.

To justify homicide in self-defense, the danger need not be actual, but only apparent. Blalock *v.* State, 79 Miss. 517; 31 So. 105.

If one, after provoking a difficulty, abandons the conflict, and is subsequently murderously assaulted, and kills in self-defense, he is not estopped to plead self-defense. Jones *v.* State, 84 Miss. 194; 36 So. 243.

On a prosecution for murder, a requested instruction held erroneous, as omitting the fact that certain acts of deceased might have reasonably induced a belief of danger of death or great bodily harm. Regan *v.* State, 39 So. 1002.

2

If an erroneous instruction be given on a material point in a cause, a judgment rendered in accordance with it will be reversed, unless it manifestly appear from the whole record that no prejudice was thereby done to the party complaining, and the judgment was clearly correct. Josephine's case, 39 Miss. 613.

While the settled rule is that all the instructions are to be construed together, and, if taken together, they correctly announce the law, a reversal will not occur, although some of the instructions in themselves are not correct, where the court, in instructions for the State, commits an error prejudicial to the accused, a conviction will be reversed, unless the court can say with entire confidence that such error was corrected or cured by other instructions. If there is doubt as to this, the conviction cannot be sustained. Hawthorne *v.* State, 58 Miss. 778. See also Solomon *v.* Compress Co., 69 Miss. 319; 12 So. 339.

It is reversible error, in a criminal case, to refuse an instruction for accused applying a principle of law to the facts which the evidence tends to establish in his defense, even though such principle be stated abstractly in other instructions given for him. Gerdine *v.* State, 64 Miss. 798; 2 So. 313.

And the refusal of an instruction applying the law to a theory of facts constituting of themselves a complete defense for the accused, is not cured by another authorizing an acquittal, provided the jury believes those facts in connection with other facts stated. Gerdine *v.* State, 64 Miss. 798; 2 So. 313.

threat was made in the house, the parties then proceeding to the street. The deceased went through the gate ahead of the prisoner, and as soon as the prisoner came within his reach on the outside, deceased seized him, in a threatening manner declaring that he would cut his "damned throat if he did not pay him the money," at the same time running his hand into his pocket as if to draw a weapon with which to carry his threat into execution. The struggle lasted but a short time, the prisoner endeavoring to release himself from the grasp of his adversary, the deceased threatening to take his life. The prisoner frees himself for a moment, and deceased "made at him again." Prisoner draws his pistol and steps back; deceased advances on him, and prisoner fires. All the witnesses agree that the affray lasted for a very short time.

Upon what, then, considering the facts above set forth, and they are the facts of this case, does the jury found its verdict of "guilty as charged?"

We have here a man of bad and dangerous character violently attacking, with curses and threats to kill, the prisoner, who is at the time sick, and jerking and pulling him about in a rough manner, apparently trying to accomplish his threat, and who, after the prisoner succeeded in freeing himself, still pursues him until the fatal shot is fired. There is nothing to show a premeditated killing; it was done in the heat of passion.

It may not have been the intention of deceased to carry out his threat to kill the prisoner, but how was the prisoner to know that fact? From the character of the deceased and the threatening manner of his attack, he had every reason to believe he would make good his word.

The proof is by no means clear that the deceased was unarmed at the time of the conflict. It is true that no arms are shown to have been found on his person after his death, but the scene of the conflict and that of death are some distance apart. The deceased walked alone some distance to the drug store, where he died, and many persons had access to him after he died and before the witnesses who testified as to his being unarmed had any means of ascertaining that fact.

Clearly, under such a state of facts, the verdict of murder was wrong and unjust. But, under the instructions of the court, the jury had no alternative but to find the prisoner guilty as charged,

unless they believed him wholly justifiable. The testimony may not show such a clear case of self-defense as would warrant a verdict of acquittal, but it is as far or further from warranting a verdict of murder. And the court had the right and should have instructed the jury as to manslaughter. We deem it wholly unnecessary. to cite this court to authorities in support of the view above taken. * * *

Brief of T. C. Catchings, Attorney-General:

There were no errors of law committed in this case. Certainly it cannot be maintained that the killing was justifiable.

No instruction was asked on the theory that the defendant was guilty of manslaughter. He was represented by counsel and the case was fully presented. The jury considered the killing unnecessary and unjustifiable. They passed upon the evidence and gave the defendant the benefit of any extenuating circumstances by restricting the punishment to imprisonment in the penitentiary.

OPINION.—*Per curiam:*

It is doubtful whether the testimony shows the accused to have been guilty of anything more than manslaughter, but we would not, perhaps, disturb the verdict if the instructions were unobjectionable. The first instruction for the State announces that in cases of homicide "the justification must arise out of the perilous situation of the slayer and a necessity to take life in order to extricate himself from imminent, present, and urgent danger to his own life or great personal injury." It omits the qualification that a reasonable apprehension of such danger, honestly entertained, is equally available to the party slaying as actual danger.

The defect is perhaps supplied by the second instruction for the defense, but in a case so nicely balanced on the facts and so doubtful as to the degree of crime of which the accused was guilty, we are not disposed to apply the doctrine that one instruction cures the other.

*Judgment reversed* and new trial awarded.