### ANTOINETTE GERDINE v. THE STATE.

1. CRIMINAL PRACTICE. *Refusal of instruction in concrete.  Not cured by abstract charge.*
   It is error for the court, in the trial of a criminal case, to refuse an instruction for the defendant applying a principle of law to the facts which the evidence of his defense tends to establish, even though such principle be stated abstractly in other instructions given for the defendant. It is better for a court to instruct in the concrete than in the abstract. *Lamar* v. *State, ante,* 687, cited.

2. SAME. *Concrete instruction too full.  Whether substitute for restricted one.*
   An instruction applying the law to a theory of facts constituting a perfect defense for the accused, but only authorizing an acquittal if the jury believes those facts in connection with other facts stated, is not a substitute for an instruction which only requires the jury to believe the facts necessary to the defense set up, in order to acquit.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

Antoinette Gerdine was indicted upon a charge of assault with intent to kill and murder Dinah Perkins. The testimony of Dinah Perkins, supported in part by other witnesses for the State, tended to show that the accused had, without provocation, assaulted Dinah Perkins with a knife and seriously and dangerously wounded her.

The accused testified as follows : " On the evening of the difficulty in question I had an engagement to meet Mr. George Harrell at the big gate leading out of the Camp yard into Main Street. I tried to go through the saloon of Sands & Anderson, but could not get through. I then went round the south end of the block and started through the Camp yard to get to the place where I had agreed to meet Mr. Harrell. As I passed through the Camp yard I met Mr. Harrell and Dinah together. I said, ' George, you need

not try to deceive me about your intimacy with Dinah any more.'
Dinah said, 'Oh! yes, you damned bitch! I have been hunting
for you all night, and now I have got you,' raising her hand as if
she intended to strike me. She had a knife of some sort in her
hand. I could not tell exactly what sort of a knife it was, as it
was dark. I saw the knife glitter as she did this. I dodged
behind Mr. Harrell, and cut her over Mr. Harrell's shoulder with
a knife I had borrowed from John Outlaw when I heard of the
threats Dinah had been making, etc."

The court refused to give the following instruction asked by the
defendant:

"16. If the jury believe from the evidence that the defendant
was going to the place appointed by Harrell and herself, and on
the way met Harrell and Dinah, and that defendant spoke to Harrell,
telling him, in substance, that he need not try longer to deceive her
about his intimacy with Dinah, and thereupon Dinah said to her,
'You d——d bitch, I have been looking for you all night and now
I have got you,' and thereupon drew a weapon and attempted to
strike defendant with a dangerous or deadly weapon, and there was
reasonable ground to apprehend that Dinah would kill her or do
her some great bodily harm, then defendant had the right to de-
fend herself, and take Dinah's life if necessary to protect herself
from great bodily harm or death."

The court gave for the defendant the following among other in-
structions:

"3. The court charges the jury that if they believe from the
evidence that just before the difficulty Dinah Perkins threatened
the life of defendant, and these threats had been communicated to
defendant, and that Dinah Perkins, at the time she was cut, had
raised her hand threatening to strike or cut defendant with a knife,
so as to make it appear to a reasonable man so situated that he was
in danger of loss of life or great bodily harm then present and
impending, and the defendant acted upon such appearance in her
self-defense when she cut the defendant, then the jury must acquit,
even though they may believe from the evidence that the defendant
was in no actual danger at the time."

" 8. If the jury believe from the evidence that defendant had, at the time of the difficulty, reasonable ground to believe that Dinah Perkins had formed a design to commit a felony upon her, or to do her some bodily harm, and that there was imminent danger of such design being accomplished at the time of the assault, they should acquit."

" 11. If the jury believe from the evidence that Dinah made threats against the life of defendant or to do her great bodily harm, and that these threats were communicated to defendant before the difficulty, the jury may take these threats into consideration, along with all the facts and circumstances in the case, to determine which one commenced the difficulty, and the defendant need not wait until actual danger threatened her, but she might act on appearances which would lead a reasonable man to believe that his life was, at the time, in imminent danger, or that there was imminent danger of great bodily harm at the time."

The defendant was convicted and appealed to this court.

*White & Fox,* for the appellant.

It is impossible to conceive on what ground the sixteenth instruction asked by the defendant was refused.

Certainly it is not cured by any instruction given. It presents a hypothetical case and contains the whole testimony of the defendant as to what occurred at the time and is uncontradicted by any witness except Dinah.

It is true there are charges given on the abstract law of the right of self-defense, the doctrine of reasonable doubt, and all those things that are general and applicable alike to all cases.

But there is nothing so tangible to a jury as facts, and a defendant in all cases has the right to have his statement of the facts on his side presented hypothetically to the jury and the charge given that if the jury believe them they will give him a verdict.

Of course, this proposition is subject to the modification that the facts as testified to and embodied in the charge must make out a defense, but no one will dispute that the facts embodied in this charge were all testified to by the defendant, and if true the jury should have acquitted.

*T. M. Miller*, Attorney General, for the State.

Numerous instructions were given, and, as it is maintained, the law applicable to the case fully presented and fairly ; so that there was no chance for the jury to be misled. The main contention in this court is that while general principles were put to the jury the law to be applied to the particular facts, hypothetically stated, was refused.

On the part of the State it is not denied that parties are entitled in charges to a practical application of the general principle relied on, but I do not understand there is any requirement that the court shall do more than give the charge as applied to the substance of the facts relied on. It is not required to set out all language used, etc. This view being correct, the defendant cannot complain of the court's refusal to grant the sixteenth instruction, because there is no *substantial* difference between it and the third, which *was* given. I will not stop to analyze this charge, because what is here said will at once appear upon an inspection of the record.

And so the eleventh instruction given for defendant, as well as the third, fully negative the idea that the defendant was bound to flee if thereby she could have avoided the necessity of striking her assailant.

CAMPBELL, J., delivered the opinion of the court.

The instruction numbered 16, and asked by the accused, should have been given. It correctly states the law as applied to the facts testified to by the accused, and should have been preferred over several which were given. Its refusal was not justified by the giving of the third, eighth, and eleventh for the defendant, the two first of which might have been properly refused if it had been given. The reason that the third given for the accused did not fill the place of the sixteenth is that it couples the proposition as to the threats with its other proposition, and requires the belief of both by the jury in order to acquit. We reaffirm the doctrine of *Aldridge* v. *The State*, 59 Miss. 250, and *Lamar* v. *The State*, *ante*, 428, and intend in every case to apply it in the hope that

64 MISS.—51.

instructions pertinent to the facts may supersede the stereotyped and vague generalities so often found in the records of criminal cases.

*Reversed and remanded for a new trial.*