RANSOM JACKSON v. STATE OF MISSISSIPPI.

1. HOMICIDE. *Murder. Malice aforethought. Instruction.*

An instruction in a murder case to the effect that an unlawful act intentionally done is done with "malice aforethought" is erroneous in that it omits the essential idea of deliberation.

2. SAME. *Apparent danger.*

One who has cause to believe and does believe that he is in imminent and immediate danger of being killed by another is excusable in taking the life of his adversary, even though there be in fact no such danger.

FROM the circuit court of Bolivar county.
HON. FRANK E. LANKIN, Judge.

Jackson, the appellant, was indicted by the grand jury of Tunica county for the murder of one Ernest Mathews; on defendant's application, the venue was changed to the circuit

court of Bolivar county. Defendant was there tried, convicted of murder and sentenced to death, from which conviction and sentence he appealed to the supreme court.

The only eye-witness to the killing testified that the homicide occurred about 10 o'clock at night in a tent; that he, with four or five others—all negroes—were in the tent, engaged in shooting craps, when Ernest Mathews, the deceased, a white man, entered the tent where the crap game was going on, and challenged the negroes to play craps with him; that Mathews took charge of the dice, rolling them, and challenging any of the negroes to bet him 25 cents on the result of his throw of the dice; that appellant finally accepted the challenge, and threw his 25 cents upon a table; that Mathews rolled the dice, and won; that Mathews then challenged appellant to bet 50 cents, and that appellant placed on the table only 25 cents, when Mathews again rolled the dice and won; that Mathews then declared that he had won 25 cents more than he had received, and demanded of appellant the payment of same; that Mathews drew his pistol, and placed it on the table, when appellant seized the pistol by the handle, and that at the same time Mathews seized it by the barrel, and that, after struggling over the pistol for some time, appellant wrenched it from Mathews' hands, struck him in the face with it, then shot him three times in rapid succession, which shots resulted in the death of Mathews. The first, tenth and eleventh instructions asked for defendant and refused by the court are as follows:

(1) "The court instructs the jury that, as a matter of law, under the evidence of the witnesses in this cause, the defendant cannot be convicted of murder; and, further, that he can be convicted of no graver crime than manslaughter; and he can be convicted of manslaughter only if the jury believe, from all the evidence in the case, that the killing was done in the heat of passion, and in a cruel and unusual manner, without authority of law, and not in necessary self-defense."

(10) "If, after reviewing all the evidence in the case, the jury entertains a reasonable doubt as to whether or not, at the time the pistol shot was fired, the defendant and the deceased were scuffling for the possession of the pistol, and that it was fired accidentally during such scuffle, and without intention to take life, then the jury must acquit."

(11) "If, after reviewing all the evidence in the case, the jury believe that the fatal shot was fired by Johnson when he had cause to believe, and did believe, that he was in imminent and immediate danger of being killed by Mathews, or of receiving great bodily harm at the hands of Mathews, then the jury must acquit, even though it may now appear that the defendant was not at the time in imminent and immediate danger of being killed by Mathews, or of receiving any great bodily harm at his hands."

*E. H. Moore* and *O. G. McGuire*, for appellant.

The fourth instruction for the state makes every unlawful intentional killing murder. If it be correct, manslaughter is impossible: The instruction was radically wrong. The fifth instruction asked by defendant was wrongfully refused. A homicide may be excusable, even if there were no actual danger to the slayer, if he had reason to apprehend, and did apprehend, that he was in danger at the time. Defendant's eleventh instruction should have been given.

The tenth instruction asked by defendant was wrongfully refused. If the jury entertained a reasonable doubt of defendant's guilt, they should have acquitted. If they entertained a reasonable doubt as to whether the shooting was accidental, they could not have found beyond such doubt that defendant was guilty. The instruction amounted to this and nothing more.

The evidence could not be construed to make out a case of murder. It will barely support a conviction of manslaughter, if that.

*Monroe McClurg*, attorney-general, for appellee.

The reporter fails to find the attorney-general's brief. It is lost from the record.

Argued orally by *E. H. Moore*, for appellant, and by *Monroe McClurg*, attorney-general, for appellee.

C ALHOON , J., delivered the opinion of the court.

We think that the objection of counsel to the record on the change of venue was untenable. On the testimony, the fourth instruction for the state was erroneous. It defines malice aforethought in its legal sense, as "an unlawful act intentionally done." This leaves out the essential of deliberation, which must exist, though it need only be for a moment. One may intentionally kill another in a struggle in the heat of passion, and the killing be unlawful, and may yet be only manslaughter. This error was liable to be, and no doubt was, fatally damaging to the accused in this case, where the homicide occurred in a struggle; and it warranted a conviction of murder upon a mere intent to kill under circumstances where he and the slain man each had hold of a pistol and each was striving for its possession. This error was emphasized and made more fatal by the refusal of the fifth instruction asked by the accused, to the effect that, "if, after reviewing all the evidence," the jury had "a reasonable doubt as to whether the defendant had real or apparent cause to believe, and did believe, when he shot, that he was in immediate and imminent danger of losing his life or receiving great bodily harm at the hands of Mathews, he should be acquitted," even though the jury believed that he "intentionally" shot and killed Mathews. If this instruction had been given, it might, in some degree, have neutralized the poison of the fourth charge for the state. It is true the instruction should have had in it the qualification that the danger should appear from the acts of Mathews at the time, and perhaps the court refused it because of the lack of this

qualfication. But, under the circumstances in evidence, where the acts of both parties are fully shown, we think this instruction should have been given as asked.

It was errer, on the evidence in this record, to refuse the tenth instruction asked by the accused. Undoubtedly he was entitled to an acquittal if there was reasonable doubt whether or not the pistol was accidentally fired in the scuffle, with no intent to kill. It was error to refuse the eleventh instruction asked by the accused. If he had cause to believe, and did believe, he was in "imminent and immediate danger of being killed by Mathews," he was entitled to acquittal, even though there was no danger in fact.

After the most careful and painstaking consideration of the testimony, on examination in chief and cross-examination, of the only witness on this trial who saw the killing, we think it was error to refuse the first instruction asked by the accused, because we think that no conviction, on the evidence now presented, should be sustained for more than manslaughter, if for that.

*Reversed and remanded.*