HODGES *v.* STATE.

(In Banc.   Feb. 9, 1942.)

[6 So. (2d) 123.   No. 34747.]

P. P. Lindholm, of Lexington, for appellant.

324

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

McGehee, J., delivered the opinion of the court.

The appellant, Beatrice Hodges, was tried for the alleged murder of Dave Wright, and convicted of manslaughter. On appeal she assigns as error, first, the refusal of the court below to grant a peremptory instruction in her favor; second, the giving of certain instructions on behalf of the state; and, third, the overruling of a motion for a new trial, on the ground that the verdict of the jury was contrary to the overwhelming weight of the evidence.

The rule announced in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481, and in other cases to the same effect, is invoked in support of the contention that the appellant was entitled to the requested peremptory instruction. No other witness saw the accused inflict the knife wound which caused the death of Dave Wright. He stated, while en route to the hospital, that he did not know who cut him. The appellant later admitted to the sheriff that she did the cutting at a time when Dave Wright was trying to impose his attentions upon her, over her protest and against her will, in such manner as to commit a statutory offense against her person. He was in an intoxicated and drunken condition when visited by a local physician at the hospital shortly after being wounded. Assuming that the appellant's version as to the necessity for using her knife in the lawful defense of her person was a reasonable account of what occurred, we are of the opinion that in view of other circumstances disclosed by the testimony on behalf of the state it was a question for the jury as to whether her story was substantially contradicted in material particulars by any credible witness or witnesses for the state, or by any physical facts and matters of common knowledge.

We deem it unnecessary to set forth in detail at this time all the facts and circumstances testified to, and also think it improper to comment upon any reasonable inference to be drawn therefrom, either as supporting or

contradicting the defense made, upon which we base this conclusion, for the reason that we have determined that the case should be reversed and remanded for a new trial, both on the ground that the evidence most strongly tends to support the appellant's version of what occurred, and because the instructions granted for the state seem to have presented for the consideration of the jury the single theory as to whether or not the appellant killed her alleged assaulter in order to prevent him from killing her, or doing her some great bodily harm in the sense of danger to her life, when there was no issue of self-defense plead or presented by the evidence within that meaning of the term, the sole defense made by the appellant being interposed under subsection (f) of section 988, Code 1930, declaring that the killing of a human being shall be justifiable, "When committed in the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished." In other words, if the appellant had reasonable grounds to apprehend a design on the part of Dave Wright to commit a felony against her person, *or* to do her some great personal injury, and that there was imminent danger of such design being carried out, the homicide was justifiable; whereas, the instructions for the state seem to require that the jury should believe that the appellant entertained a reasonable apprehension that he intended to take her life, or to do her great bodily harm, in the sense of endangering her life, before the jury would be warranted in acquiting her, entirely leaving out of consideration the right to protect her person against the commission of the threatened felony testified to. Staten v. State, 30 Miss. 619; McNeal v. State, 115 Miss. 678, 76 So. 625.

Reversed and remanded.