MILLS v. STATE.

(In Banc. March 13, 1944. Suggestion of Error Overruled April 10, 1944.)

[17 So. (2d) 215. No. 35396.]

T. N. Gore, of Marks, Creekmore & Creekmore, of Jackson, and J. H. Caldwell, of Charleston, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Argued orally by **H. H. Creekmore**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of murder. The deceased was shot five times. Appellant claimed self-defense. A controversy had arisen over an account of $9.50 for which the deceased demanded payment from appellant. There was a conflict in the testimony as to whether the deceased was armed and as to who was the aggressor. There was evidence of threats made by deceased against appellant. The conflict in the testimony was for the jury's determination.

The giving of the following instruction is assigned as error: "The Court instructs the jury for the State that while malice aforethought is a necessary element of the crime of murder, still 'malice aforethought' means the same as shooting a person or human being with the deliberate design to effect the death of the person shot; and this malice aforethought and deliberate design do not necessarily mean hatred or ill will and need not exist in the mind of the defendant for any definite time, not for days, or hours, or even minutes, but if the deliberate design to shoot and kill exists in the mind of the defendant but for an instant at the very time the shot was fired, this is sufficient premeditation and deliberation to constitute malice aforethought, unless the jury entertain a reasonable doubt as to whether or not the killing was justifiable or done in necessary or apparently necessary self defense, or was manslaughter." Attention is directed to the inclusion in the definition of "malice aforethought" of the fact that "if the deliberate design to shoot and kill exists in the mind of the defendant but for an instant at the very time the shot was fired this is sufficient premeditation and deliberation to constitute malice aforethought."

This instruction was approved in Huddleston v. State, 134 Miss. 382, 98 So. 839. It is seen at once that when self-defense is pleaded and testified to, there is found to be a design and purpose to kill. Indeed, the appellant substantially so testifies for it was, by his own version, necessary to kill or be killed. This is not a case where the issue one between a deliberate and an accidental killing, or between a malicious slaying and one committed in the heat of passion. The purpose is conceded by the appellant himself. Such purpose, of logic and necessity, preceded its execution as cause and effect. The issue therefore was narrowed to the quality of such purpose whether it was with that malice which is implicit in deliberate design, or under justification.

We need not pursue refinements of language or indulge in metaphysical niceties whether intent or malice may or may not arise simultaneously with the act. Both law and language agree that premeditation must precede action but from what we have said it is clear here that a purpose either to kill in malice or to slay in self-defense was present. It was such motive that prompted the drawing, aiming and firing of the gun. While a mere intent does not imply a deliberate design (Johnson v. State [Jackson v. State], 79 Miss. 42, 30 So. 39), appellant's explanation that the threats of deceased and his drawing of a weapon motivated him were concededly factors in a definite purpose. Whether a deliberate design was present was for the jury's decision.

Moreover, the criticism of the instruction as employing the present tense "exists" rather than the past "existed" is not helpful for whether it must be said, as an abstraction, to exist at the very moment or that it then existed as a concrete fact here does not preclude an implication that it also existed prior thereto even for a fraction of time. Such criticism, to be in point, must imply a restriction of the time element to the exact moment of action and assumes that cause and effect may be contemporaneously created. It is true that in murder cases the de-

liberate design must exist at the very time of the act but even lay reasoning would invariably place motive prior to its manifestation.

Johnson v. State (Jackson v. State), 79 Miss. 42, 30 So. 39, and Hartfield v. State, 186 Miss. 75, 189 So. 530, are not in point. In the former case, the element of deliberation was, unlike the instant case, omitted, while in the latter the issue was one between a killing with malice aforethought and in the heat of passion. More-over, if in the Jackson case [79 Miss. 42, 30 So. 40] the court had stated that the instruction, which defined malice aforethought as "an unlawful act intentionally done" was incorrect not because it "leaves out the essential of deliberation" but because it did not necessarily include malice it would have been clearer. It was the alternative possibility of manslaughter when prompted the expression.

Appellant relies upon Vance v. State, 182 Miss. 840, 183 So. 280, 283, and Hickory v. United States, 151 U. S. 303, 14 S. Ct. 334, 339, 38 L. Ed. 170. Both cases involved self-defense. In the former, it was held that an instruction which used the phrase "at the very time the fatal shot was fired" was harmful. Yet the reference was not to the existence of an intent with malice but to a purpose of self-defense. Such purpose was held to have been too circumscribed since the defendant was entitled to take into account the precedent circumstances in reaching a judgment as to his danger and the means to avert it. Such was also the situation in the Hickory case. The trial judge had instructed the jury that a purpose of self-defense required a different quality and quantity of deliberation from a purpose to kill in malice. In reversing the case, the Supreme Court held that in either case the deliberation of the slayer would be sufficient "although the conclusion to kill was arrived at instantaneously." In the former case, we held that the state could not confine the deliberative period in self-defense to the very instant,

and in the latter case it was held that the defendant could do so.

The jury could not have been misled by the instructions which told them in effect that there must be a deliberate design, but that such design, there defined as malice aforethought, must have existed—not "have been created"—at the time the shot was fired. Compare Guest v. State, 96 Miss. 871, 52 So. 211; Hays v. State, 130 Miss. 381, 94 So. 212.

Affirmed.