GOOCH *v.* STATE.

(In Banc.   Feb. 11, 1946.)

[24 So. (2d) 736.   No. 35985.]

John T. Smith and W. D. Jones, both of Cleveland, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was indicted upon a charge of murder and was convicted of manslaughter. The assignments of error have been carefully examined. We find it appropriate to respond to only two. These involve the granting to the state of the following instructions:

1) The second instructions is: "The Court instructs the jury for the State that the defendant was only justified in killing the deceased because she was in imminent danger of great bodily harm or losing her life at the hands of the deceased, and while acting in necessary self-defense, and if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant killed the deceased at a time when she was not in danger of great bodily harm or losing her life at the hands of the deceased, then under your oaths you cannot acquit the defendant."

2) The sixth instruction is: "The Court instructs the jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant killed the deceased because of illicit relations with her husband, and not in necessary self-defense, then the defendant is guilty of unjustifiable homicide, and in such case it will be the sworn duty of the jury to find the defendant guilty of either murder or manslaughter; murder if the killing was done with malice aforethought, manslaughter if it was done in the heat of passion."

The second instruction for the state omits as part of the definition of justifiable self-defense the fact that the danger of death or great bodily harm may be either real or reasonably apparent. Under the testimony the defendant was guilty of murder or nothing. If she acted under a reasonable apprehension of great danger to herself under an attack provoked by the deceased she was entitled to acquittal. Under the state's proof she was guilty of murder; under appellant's proof she could have been found justified. Under this state of case it is important that the state's instructions be technically correct.

Bounds v. Watts, 159 Miss. 307, 131 So. 804. The principle was announced in our state in Long v. State, 52 Miss. 23, and has since been upheld, Douglas v. State, 2 Miss. Dec. 220; Godwin v. State, 73 Miss. 873, 19 So. 712; McCrory v. State (Miss.), 25 So. 671; Ellerbee v. State, 79 Miss. 10, 30 So. 57; Johnson v. State, 79 Miss. 42, 30 So. 39; Hood v. State (Miss.), 27 So. 643; Hartfield v. State, 176 Miss. 776, 170 So. 531; Hodges v. State, 192 Miss. 322, 6 So. (2d) 123.

The sixth instruction is subject to the same criticism. Error is also predicated upon the alleged comment upon the "illicit relations," presumably between the deceased and defendant's husband. It is attacked as unduly emphasizing the state's testimony that defendant admitted killing deceased because of her relations with him. We find no error here. This was the state's theory even as self-defense was the theory of the defendant. Both were contrasted and submitted for the jury's election. Compare Gerdine v. State, 64 Miss. 798, 2 So. 313; Lambert v. State, 171 Miss. 474, 158 So. 139; Woods v. State, 183 Miss. 135, 183 So. 508, 184 So. 311; Windham v. State, 91 Miss. 845, 45 So. 861.

Reversed and remanded.

DISSENTING OPINION.

**Smith, C. J.,** delivered a dissenting opinion.

The failure of the state's instructions to advise the jury that the danger of death or great bodily harm that will justify self-defense may be either real or reasonably apparent, could not have misled the jury if they were read, as the law required them to be, in connection with the instructions granted the appellant, one of which, leaving the others out of view, charged the jury that ". . . if the evidence is such as to leave upon your minds a reasonable doubt as to whether or not defendant acted in self-defense, then defendant should be acquitted,

and this is true whether the danger was actual or apparent, and even if, in fact, there was no actual danger but only apparent danger."

The judgment should be affirmed.