## THOMAS *v.* STATE, 37 Miss. R., 353.

### ILLICIT RETAILING OF INTOXICATING DRINKS.

Upon a purchase of one gallon of spirituous liquors, a less quantity only of which is delivered at the time, the residue remaining in the possession of the vendor, and not separated from the bulk in the barrel from which the part delivered was taken, it is in law a sale of only the part delivered; and where these circumstances are proven, the intent of the vendor is immaterial.

It is not incumbent on the state, in an indictment for retailing without license, to show that the defendant had no license; if the defendant relies on that fact for his defense, he must prove it.

The fact that the court gave instructions to the jury in behalf of the state, on its own motion, is no ground of error.

Error to Tippah circuit court. SCRUGGS, J.

*John W. Thompson* and *Fulton Anderson*, for plaintiff in error, and

*T. J. Wharton,* attorney general,
Argued the case orally.

HANDY, J.:

This was an indictment for selling spirituous liquors in less quantities than one gallon, without license, and contrary to the statute; upon which the defendant was convicted.

The only testimony in the case material to the issue, is that of Smith, a witness in behalf of the state, and to whom the spirituous liquor is charged to have been sold. He testified, in substance, that he had several times purchased spirituous liquors of the accused within a year preceding the time of finding the indictment; that he purchased it by the gallon, and never purchased any from the accused in less quantities than a gallon; but he sometimes took it away by the gallon, sometimes by the bottleful, and sometimes by the tumblerful, but most generally by the gallon or half-gallon; that he, on one occasion, bought one gallon of whiskey from the accused, and took away one pint or bottleful, with the understanding that he was to call for the residue of the gallon in a short time, which was not then drawn from the barrel, or separated from the bulk of the whiskey in the barrel, and that he afterwards called and got the residue; and that it was left for the convenience of the witness, who could not conveniently take away the gallon at the time. On cross-examination, he stated that the accused never sold him any spirituous liquor in a less quantity than one gallon; that the liquor purchased by him of the accused was all purchased by him in good faith by the gallon, without any intention on his part to evade the law, and that, as far as he knew, or had reason to believe, the accused sold the same to him by the gallon in good faith, and without any intention to evade the law, and that the accused suffered him to leave portions of the gallon, whenever that was done, for the accommodation and convenience of witness alone, and not for the purpose of evading the law.

The first error assigned, applies to the first instruction given at the instance of the state, which is in these words: "If the jury believe, from the evidence, that the defendant sold Smith

spirituous liquor, stating that he sold by the gallon, but delivered it in less quantities than a gallon, with intent, on the part of the defendant, to evade the statute, they will find him guilty; and proof, to the satisfaction of the jury, that the defendant delivered the spirituous liquor by the quart, half-gallon, or other quantities less than one gallon, together with proof that when the liquor was sold, and a part delivered, the balance remained in the barrel with defendant's liquor, are circumstances from which the jury may infer the defendant's intent to evade the law." And again: "If the jury believe that the defendant delivered to Smith spirituous liquor in a less quantity than one gallon, under a sale, he is guilty, although he agreed to sell by the gallon, if the liquor delivered was drawn from the barrel of defendant, and the balance was left in the barrel of defendant."

Propositions the reverse of the rule here stated were contained in the instructions asked in behalf of the defendant, and refused by the court.

The question is thus presented whether, upon a purchase of one gallon of spirituous liquor, a half-gallon or less quantity only of which is delivered at the time, the residue remaining in the possession of the vendor, and not separated from the bulk in the barrel or other vessel from which the part delivered was drawn or taken, it is, in law, a sale of the gallon, or only of the less quantity delivered. And the law is well settled that it is a sale only of the part delivered. White v. Wilks, 5 Taunt., 176; 2 Kent's Comm., 496 (3d edit.); Ingersoll v. Kendall, 13 S. & M., 615. And it does not come within the rule applied to a sale of a *specific* and *separate chattel*, where an actual delivery is not necessary, as in the case last cited, and in Garland v. Stewart, 31 Miss., 314.

Consequently, the rule upon the point was correctly stated to the jury at the instance of the state.

It is further objected to the first instruction, that it directs the jury upon the weight of evidence; but we do not think the objection well founded. It directs the jury, substantially, that if there was proof, to their satisfaction, that there was an alleged sale of liquor by the gallon, but a delivery of it in less parcels, the residue remaining in the barrel, and not separated from the

bulk in the defendant's possession, the jury might infer from these circumstances an intent to evade the law. This was correct. But it was immaterial, for it only instructed as to the point of intent. If the alleged sale of a gallon, with a delivery of a less quantity, under the circumstances stated in the instruction, was, in law, the sale of a less quantity than a gallon, it is immaterial what was the intent of the seller. It was, in fact and in law, the sale only of a less quantity than a gallon, and that was illegal, and rendered the seller liable to the penalties of the law, whatever may have been his intention. So that this part of the instruction was immaterial, and could not, in law, have operated to his prejudice.

We think, therefore, that there is no error in these instructions of which the defendant can complain.

Another error assigned is the rule stated in the second instruction in behalf of the state, that it was not necessary for the state to prove that the defendant had not license, but that it was incumbent on him to show that he had license to sell. The contrary of this was asked in behalf of the defendant, but refused by the court. In these rulings the court was clearly right, as has been frequently held by this court.

It is also assigned for error that the court, of its own motion, gave an instruction to the jury upon the question of sale above mentioned. But it does not appear how that instruction was given, nor that it was given without the motion of the district attorney, nor that any objection was made to it, on the ground here suggested. If, however, the fact appeared of record as suggested, and objection had been made on that ground, it would be no just ground for reversing the judgment, for the instruction but states the same rule in substance upon the question embraced in it, as was also given in the instructions in behalf of the state.

The remaining error assigned is, that the verdict was contrary to the evidence. When this point was first considered by us, we were of opinion that this assignment was well taken, treating the case as an indictment charging *an attempt to evade* the law; and so considering it, we thought it clear that the evidence showed that the defendant did not sell the spirituous liquor to

the witness in the manner stated by him, with intent thereby to evade the statute. But it is an indictment against *selling* spirituous liquors in violation of the statute. The fact charged is fully proved in law; and the intention with which it was done is not a matter to be taken into consideration. He has, in fact, violated the law, which he was bound to know, and must be held to the legal consequences of his act, whether he knew the law or not, or whatever may have been his intention.

In this point of view the evidence fully sustains the verdict, and this assignment of error cannot prevail.

Let the judgment be affirmed.