## ELLIS *v.* STATE.

[66 South. 323.]

1. CRIMINAL LAW. *Circumstantial evidence. Instructions. Homicide. Murder. Malice aforethought.*

On a trial for murder, it was error for the court to give an instruction for the state, that there is no essential difference in the character and quality of circumstantial and positive evidence, and that the jury could convict on either, although another clause of the same instruction stated that the jury could convict on circumstantial evidence if it was such as to exclude every other reasonable hypothesis than that of defendant's guilt.

2. HOMICIDE. *Murder. Malice aforethought.*

An instruction for the state that the term "malice aforethought" means design or intention to effect the death of the person killed is erroneous, since a homicide may be designed and intended, and at the same time entirely justifiable.

APPEAL from the circuit court of Harrison county. HON. J. I. BALLENGER, Judge.

Will Ellis was convicted of murder and appeals.

The facts are fully stated in the opinion of the corut.

*C. R. Haydon* and *Sydney C. Mize,* for appellant.

The first error assigned is that the court erred in granting instruction No. 3, for the state, which is as follows,

to wit: The court charges the jury for the state that murder is the unlawful and felonious killing of a human being with malice aforethought; and in this case if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully and feloniously killed Sidney Harris, with malice aforethought, then it is your sworn duty to find defendant guilty. The court further charges you that malice aforethought means design or intention or purpose to effect the death of the person killed."

This instruction is objectionable in two features: First, in that it does not properly state the law relative to circumstantial evidence; second, its definition of "malice aforethought" is erroneous. The court, after having read the record, will see that the state relied absolutely on circumstantial evidence for a conviction, there being absolutely no direct testimony; and, in case where the state relies on circumstantial evidence for a conviction, this evidence must rise so high as to preclude every other reasonable hypothesis than that of defendant's guilt, and mere proof beyond a reasonable doubt is not sufficient. In other words, as said in the case of *Permenter* v. *State,* 99 Miss. 453: "The facts must be proven beyond a reasonable doubt, and then those facts must be such as to exclude, beyond a reasonable doubt, every hypothesis than that of guilt;" and this instruction should have told the jury so, but nowhere in it does it inform the jury that the circumstances must exclude every other reasonable hypothesis than that the defendant is guilty, and for this error in said instruction, we submit that the case should be reversed. *Permenter* v. *State, supra; Simmons* v. *State,* Adv. sheets, So. Rep. of April 25, 1914, p. 731, in which the authorities are fully collated.

This instruction is further erroneous in its attempt to define malice aforethought. Practically every killing is done purposely to effect the death of the person killed, but it sometimes may be done under various circum-

stances and would be justifiable; for example, self de-
fense, or one killed by authority of law; killing in such
cases would be done with the purpose to effect the death
of the person killed, and would certainly not be murder.
Malice aforethought in murder is the intent to do an un-
lawful act towards another without legal justification or
excuse. It is a condition of mind which shows a heart
regardless of social duty and fatally bent on mischief;
it consists of the dictates of a wicked, depraved, and
malignant heart or corrupt motive, including anger,
hatred, and revenge, etc. But certainly a mere design
or intent to effect the death of a person would not neces-
sarily include malice aforethought by any means; and
the giving of an instruction so telling the jury is clearly
erroneous. A clear discussion of malice and malice
aforethought and constituent elements is found in Whar-
ton on Homicide (3d Ed.), secs. 81, 82, pp. 96-102. We
submit that because of the errors aforesaid in this in-
struction, this case should be reversed.

The next assignment of error is that the court erred
in giving instruction No. 2 for the state, to wit: ''The
court charges the jury that circumstantial evidence is
competent and legal in criminal cases, and if it is of such
character and quality as to exclude every other reason-
able hypothesis than that the defendant is guilty, it is
entitled to the same consideration as direct evidence.
And in this case if the jury believed from the evidence,
beyond every reasonable doubt, that the defendant de-
liberately and intentionally shot and killed Sidney Har-
ris, or beat him to death, it matters not that the evidence
is circumstantial, or made up from fact and circum-
stances, provided the jury believe from the evidence, be-
yond every reasonable doubt, from the facts and circum-
stances in evidence pointing to his guilt, if any, that the
defendant is shown thereby to be guilty.''

This instruction is erroneous for the same reason as
instruction No. 3 discussed, *supra*. As an abstract pro-

position the first part of it might be correct, but the last part of it, undertaking to state a concrete case, is clearly erroneous. In other words, it should have told the jury that they should believe the facts and circumstances beyond a reasonable doubt and that these circumstances should exclude every other reasonable hypothesis than that of defendant's guilt before they should convict him. *Permenter* v. *State, supra; Simmons* v. *State, supra.*

Also, the first part of the instruction, should have had incorporated in it that the evidence had to be of such character and quality as to convince the jury beyond a reasonable hypothesis than that of his guilt, but the jury were only told that when the evidence was of such character and quality as to exclude every other reasonable hypothesis than that of defendant's guilt it is entitled to the same consideration as direct evidence. The instruction should have further told the jury that they should have believed from the evidence beyond a reasonable doubt that defendant deliberately and intentionally shot and killed Sidney Harris with malice aforethought. This phrase, "with malice aforethought," was omitted from the instruction, and without malice aforethought appellant certainly would not be guilty of murder; and for these errors in this instruction, we think that this case should certainly be reversed, being right in the teeth of the line of decisions in this state, extending over many years and which have been followed without deviation.

*Geo. H. Ethridge,* for appellee.

The first part of the brief of appellant as above is an investigation of the instruction given for the state instructions Nnumbers 2 and 3 are definitions of murder. It seems to me to be a clear and explicit charge on this subject. It does not deal with circumstantial evidence, but merely states the degree of proof required to constitute murder. Instruction No. 2 deals with the degree of proof required to prove crime by circumstantial evi-

dence. The jury is distinctly told that if such evidence that is circumstantial is of such character, and quality as to exclude other reasonable hypothesis, that the defendant is guilty, that it is entitled to the same consideration as direct evidence.

The two instructions given together meet all the requirements of the *Permenter case,* 99 Miss. 453, and of the *Simmons case,* 64 So. 721. The jury is told that it requires exclusion from other reasonable hypothesis pointing to the defendant's guilt and crime, and circumstantial evidence is left to the discretion of the jury, and the criticism of the counsel for appellant in this instance was without merit.

Cook, J., delivered the opinion of the court.

Appellant was convicted and sentenced to the penitentiary for life for the murder of Sidney Harris. The evidence upon which the verdict of guilty was secured is entirely circumstantial and warranted the verdict.

Appellant complains of two instructions given by the court at the request of the state, which are here copied, viz.:

(a) "The court charges the jury, for the state, that circumstantial evidence is competent and legal in criminal cases; and if it is of such a character and quality to exclude every other reasonable hypothesis, other than that the defendant is guilty, it is entitled to the same consideration as direct evidence. And in this case if the jury believe from the evidence beyond a reasonable doubt that the defendant deliberately and intentionally shot and killed Sidney Harris, or beat him to death, it matters not that the evidence is circumstantial, or made up from the facts and circumstances, provided the jury believe from the facts and circumstances in evidence pointing to his guilt, if any, that the defendant is shown thereby to be guilty."

(b) "The court charges the jury, for the state, that murder is the unlawful and felonious killing of a human being with malice aforethought, and in this case, if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully and feloniously killed Sidney Harris with malice aforethought, then it is your sworn duty to find defendant guilty. The court further charges you that the term 'malice aforethought' means design or intention or purpose to effect the death of the person killed."

The first clause of the first instruction is in direct conflict with the second clause. In the first clause the jury are told that they may convict upon circumstantial evidence, if such evidence is of such character and quality as to exclude every other reasonable hypothesis, other than the guilt of defendant, while the last clause, in effect, advises the jury that there is no essential difference in the character and quality of circumstantial and positive evidence, and the jury are authorized to convict upon either, if they believe from either beyond a reasonable doubt that defendant is guilty. This instruction is condemned by all the decisions of this court, as pointed out in *Simmons* v. *State*, 65 So. 511.

The definition of "malice aforethought" in the last sentence of the second instruction is obviously wrong, since a homicide may be designed and intended, and at the same time entirely justifiable. It is always safer for the representative of the state to follow the beaten path and ask only for such instructions as have been approved by the courts.

*Reversed and remanded.*