## REDDIX *v.* STATE.

[98 So. 850.  No. 23570.]

(Division B. Feb. 11, 1924.)

CRIMINAL LAW.  *Instruction on law of self-defense held erroneous as shifting burden of proof.*

It is error to instruct for the state in a murder case that, "in order to justify the killing of deceased on a plea of self-defense, it was incumbent on the defendant to show that at the time of the homicide he was in imminent danger, at the hands of deceased of his own life, or of great bodily harm." The instruction shifts to the defendant the burden of proving his innocence, and does not authorize an acquittal if the evidence, as a whole, whether introduced by himself or the state, leaves the question of his guilt in reasonable doubt, and deprives the defendant of the right to act on appearances from which he might reasonably apprehend that he was in imminent danger of losing his life, or suffering some great personal injury at the hands of deceased.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Will Reddix was convicted of murder and he appeals. Reversed and remanded.

*Montgomery & McClure,* for appellant.

The court tells the jury that in order for the defendant to justify his plea of self-defense, it is incumbent on him to show danger, etc., clearly imposing a burden on the defendant in the trial of the case. The burden of proof, even beyond every reasonable doubt, is always charged in a murder case to the state. *Cumberland* v. *State,* 110 Miss. 521; *Garland* v. *State,* 94 So. 210.

This instruction is analogous to the instructions which are condemned by this court on the question of presumption of malice. *Cumberland* v. *State, supra; Lamar* v. *State,* 63 Miss. 265. This instruction is erroneous because it fails to tell the jury that they must acquit the

defendant if they have a reasonable doubt of the defendant's guilt, arising from the evidence or lack of evidence against him. *Cumberland* v. *State,* 110 Miss. 521; *Garland* v. *State,* 94 So. 210; *Guice* v. *State,* 60 Miss. 714; *Lamar* v. *State,* 63 Miss. 714.

The instruction also leaves the character of danger to the defendant, which will justify a plea of self-defense, in confusion. The danger is described only as "imminent," thus limiting the right of the defendant to justify a plea of self-defense on actual danger alone, and thereby cutting off the right of the defendant to act upon appearances, or apparent danger. The instruction makes no attempt to tell the jury that the danger may be apparent or actually present, but says it must be imminent, and fails to give the defendant the benefit of apparent danger. *Jackson* v. *State,* 79 Miss. 42; *Blalack* v. *State,* 79 Miss. 520; *Ellis* v. *State,* 66 Miss. 44; *Hale* v. *State,* 63 So. 670; *Boykin* v. *State,* 86 Miss. 481; *Mathews* v. *State,* 108 Miss. 72.

We cannot help but anticipate, at this time, the much over-indulged contention on the part of the state that the defendant is estopped to set up the error which has appeared in the state's instructions because of the fact, that the defendant correctly asked for several instructions which stated the law in his behalf.

Our court has held even in civil cases where the defendant asks instructions which correctly state the law, and the plaintiff asks erroneous instructions in regard to the law in the case, that however clear and correct the charge is for the defendant, that it cannot be assumed that it neutralized the vice found in the instructions for the plaintiff. *Louisville N. O. and T. Ry. Company* v. *Phillips,* 12 So. 825; *Hines* v. *McCullers,* 121 Miss. 666; *McNeil* v. *Bank,* 100 Miss. 271.

If our court will reverse a civil case on confusing instructions to the jury, certainly in a criminal case, one of the magnitude of murder, where the law is strictly

followed, and where the defendant ought to have the benefit of every safeguard that the law can give him, the court will reverse this case where the instructions to the jury by the state are in conflict with those given for the defendant.

*S. C. Broom,* Assistant Attorney-General, for the state.

If these instructions were taken alone, without modification or explanation, they might be subject to the criticism directed against them by counsel for appellant. But whether or not they are erroneous, as alleged, it will not be necessary to determine, because such error as is complained of was cured by the giving of subsequent instructions on the subject involved, thereby completing the statement of law with reference to the law of self-defense, reasonable doubt.

Nine instructions were requested for the state, all of which were given; sixteen instructions were requested for the defendant, all of which were given. If the contention of counsel for appellant was correct with reference to these instructions, then it would be necessary to state all of the law applicable to a case both for the state and for the defendant in the instructions given for the state, in which event it would be unnecessary to give any instructions for the defendant. But the rule is otherwise. The rule is that instructions shall be construed as a whole, and if after construing them as a whole they fairly state the law, then there shall be no reversal. *Skeen* v. *State,* 16 So. 495; *Riley* v. *State,* 18, So. 117, not officially reported; *Barr* v. *State,* 21 So. 131, not officially reported; *Rodgers* v. *State,* 21 So. 130, not officially reported; *Harper* v. *State,* 83 Miss. 402, 35 So. 572; *Smith* v. *State,* 107 Miss. 574, 65 So. 498; *Long* v. *State,* 103 Miss. 698, 60 So. 730.

The instruction for the state that is most seriously questioned, and most viciously attacked, is the one which

tells the jury that in order to justify the killing of the deceased it was incumbent on the defendant to show that at the time of the homicide he was in imminent danger at the hands of deceased of his own life, or of great bodily harm.

The self-defense theory was to prove that the killing was lawful. The facts were fairly presented to the jury; the law is clearly and completely stated in the instructions given both for the state and for the defendant. If the court had refused the instructions requested by the defendant with reference to self-defense then indeed it would have been error. *Gerdin* v. *State,* 64 Miss. 798, 2 So. 313. But in this case all of the instructions were given as requested. *Mosely* v. *State,* 11 So. 105.

It is well settled that instructions are to be considered as a whole and that error in one is cured by giving another, which modifies or explains it.

Argued orally by *Jas. McClure,* for appellant, and *S. C. Broom,* Assistant Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

The appellant, Will Reddix, was indicted and tried for murder in the circuit court of Panola county, and was convicted and sentenced to life imprisonment.

The appellant sought an acquittal in the lower court on the ground of self-defense, and, on appeal, the only assignments of error are that the court erred in giving certain instructions for the state. The testimony for the state was sufficient to sustain the verdict of the jury, while there was ample evidence on behalf of the defendant, if believed, to sustain the plea of self-defense.

The first assignment of error is without merit and calls for no discussion. The second assignment is directed at an instruction given the state which reads as follows:

The court charges the jury, for the state, that in order to justify the killing of deceased on a plea of self-defense it was incumbent on the defendant to show: That at the time of the homicide he was in imminent danger, at the hands of deceased of his own life, or of great bodily harm.''

This instruction is erroneous, and we think it constitutes reversible error. The first error apparent in the instruction is that it shifts to the defendant the burden of proving his innocence. The burden of proving the guilt of the defendant to a moral certainty and beyond every reasonable doubt is one which the state must always carry, and until it had done so it was not incumbent on the defendant to show anything. A reasonable doubt of the defendant's guilt, which would require his acquittal, may arise from the evidence offered by the state, or from a lack of evidence of guilt; but this instruction only authorizes an acquittal upon proof by the defendant that at the time of the homicide he was in imminent danger at the hands of deceased of losing his life or suffering great bodily harm. In order to require an acquittal of the defendant, it was only necessary that from all the evidence for and against him there should arise a reasonable doubt of his guilt. This instruction is also erroneous in that it informs the jury that the danger which would justify the defendant in killing his assailant must have been imminent. This deprives the defendant of the right to act upon appearances from which he might reasonably apprehend that he was in imminent danger of losing his life or suffering some great personal injury at the hands of deceased. If from the acts of the deceased the defendant had reasonable ground to believe, and did believe, that he was in imminent danger of being killed by the deceased, or of suffering some great personal injury at his hands, he was entitled to an acquittal, although there was no danger in fact.

This instruction is in sharp conflict with instructions granted the defendant. It is on the vital issue to be decided, and since it is impossible to harmonize it with other instructions, the jury was left without any proper guide, and we cannot say that it was not misled thereby. The errors in the last instruction complained of were probably cured by other instructions, but for the errors indicated under the second assignment the judgment of the court below must be reversed.

*Reversed and remanded.*