FORBERT <i>v.</i> STATE.

(Division A.   May 17, 1937.)

[174 So. 248.   No. 32616.]

**Earl L. Wingo**, of Hattiesburg, for appellant.

68

70

· **W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Forrest county on a charge of unlawful possession of wine of an alcoholic content greater than four per centum by weight.

The proof shows that just shortly before the November term of the circuit court of Forrest county convened, the circuit judge directed a deputy sheriff to go out and get him a couple of bottles of wine. The deputy went to appellant's place of business, where food, wine, and beer were sold, and informed him that he desired to purchase a bottle of wine for the circuit judge. Appellant told the deputy that if the judge wanted it to take

it on without paying for it, and the deputy when secured two bottles and delivered them to the circuit judge. In his charge to the grand jury, which was convened a few minutes thereafter, the judge exhibited these two bottles of wine to the jury and informed them that they were labeled as containing from nineteen to twenty-one per centum alcohol, and that the possession for sale or the sale of such wine was unlawful. Thereafter these bottles of wine were delivered to and analyzed by a chemist, who testified that one of them contained 19.75 per centum alcohol and the other 20.02 per centum by volume, and that both of them contained more than fifteen per centum alcohol by weight. One of the bottles was labled "Port," and the other "Italian Girl, 100% Pure California Fresh Grape Wines, Angelica. Old Reliable, Distributor."

Appellant assigned as error the failure of the court to exclude the testimony of two deputy sheriffs as to appellant's possession of the wine in question, and the circumstances under which it was secured, and the refusal of a peremptory instruction requested by him. The argument as to the admissibility of the testimony of the two deputies seems to be based upon the theory that the circumstances under which the wine was obtained, and the use made thereof before the grand jury by the circuit judge, rendered evidence in reference thereto inadmissible. Aside from the fact that the record does not disclose that the circuit judge said anything in his charge to the grand jury that directed particular attention to the appellant as a violator of the laws dealing with the possession and sale of intoxicating liquors, there was neither a motion to quash the indictment nor a plea in abatement based upon any undue influence before the grand jury, and consequently such matters, which were de hors the record, are not here presented.

The further argument that the peremptory instruction requested by appellant should have been granted seems to be based upon some theory that, by reason of the manner in which the wine was secured, there was a

violation of section 23, Constitution of 1890, guaranteeing the security of the people in their persons, houses, and possessions, from unreasonable seizure or search. We fail to see wherein this constitutional provision is involved. There was no search or seizure of appellant's person, premises, or possessions, and no suggestion of coercion in securing the wine.

Appellant also complains of the only instruction given to the jury, which reads as follows: ''The court charges the jury that if from the evidence in this case you believe beyond a reasonable doubt that the defendant Forbert had in his possession wine of an alcoholic content of more than four per centum by weight, then you will find the defendant guilty as charged.''

Chapter 171, Laws 1934, provides that it shall be lawful in this state to transport, store, sell, distribute, possess, receive, or manufacture wine and beer of an alcoholic content of not more than four per centum by weight, and this act expressly reserved the right of every person to make homemade wine for domestic or household uses, free from all restraint. While the indictment herein cannot accurately be said to be based upon this act of 1934, that act is necessarily involved as embodying a modification of the general provisions of chapter 38 of the Code of 1930 (section 1973 et seq.) prohibiting the possession and sale of intoxicating wines and liquors, and the state fully met the burden of proving that the alcoholic content of the wine in question was more than four per centum be weight.

The criticism of the instruction, however, is that it does not require the jury to find that the possession of the wine was willful and unlawful, and did not submit to the jury the issue of whether or not the wine in question was homemade, and used for domestic and household purposes only. This act and section 1974, Code 1930, prohibit the possession of all wine of an alcoholic content of more than four per centum by weight, except

homemade wine used for domestic and household pur-
poses only; and in charging the offense of unlawful
possession of wine under these sections it is not neces-
sary to negative the exception of homemade wine, and
the state was not required to prove that the wine in
question was not homemade wine used for domestic and
household purposes only. In Easterling v. State, 35
Miss. 210, it was held that ''the rule is, that when a
fact is peculiarly within the knowledge of one of the
parties, so that he can have no difficulty in showing it,
the presumption of innocence, or of acting according
to law,. will not render it incumbent on the other side
to prove the negative.'' This rule was followed in
Thomas v. State, 37 Miss. 353, and Fairly v. State, 63
Miss. 333, and is recognized and announced in Wharton
on Criminal Evidence, Vol. 1 (10 Ed.), p. 349, in lan-
guage substantially as follows: In cases where the sub-
ject of the exception is peculiarly within the defend-
ant's knowledge and the negative cannot be proved by
the prosecutor, the burden of proving the affirmative
may be on the defendant as a matter of defense, and
where the affirmative is peculiarly within the knowledge
of the party charged, the presumption of law in favor of
innocence is not allowed to operate, as it were, to make
a prima facie case in the affirmative for the defendant,
but the general rule is that he who asserts the affirmative
is to prove it and not he who avers the negative.

The labels which were on the bottles containing the
wine tended to show that it was not homemade, and
there is not a scintilla of evidence even suggesting that
it was homemade wine, a fact, if it were a fact, which
was peculiarly within the knowledge of the defendant,
so that he would have had no difficulty in showing it.
On the evidence in this record, the possession of the
wine containing more than fifteen per centum of alcohol
by weight was necessarily unlawful, and consequently

appellant could not have been prejudiced by the omission of the word ''unlawful'' in the instruction to the jury.

Affirmed.