GILLESPIE, Presiding Justice.
Sidney Joseph, appellant, was tried in the Circuit Court of Jackson County and found guilty of murder. He was sentenced to life imprisonment. We affirm.
The jury was justified in finding the facts as follows: The deceased, (Reginald “Red” Harris), Nathan Brown, and appellant were sitting at a table in the main room of the Silver Dollar Cafe on the night of March 23, 1968. After a brief argument, appellant slapped the deceased and reached for his knife. The deceased then picked up an empty -quart bottle and broke it on appellant’s forehead, causing some bleeding.
After taking appellant outside, Brown joined the deceased in the drink room which adjoined the main room. As they stood there talking, appellant re-entered the main room with his open knife drawn and walked over to the drink room door. Brown then walked back into the main room and appellant jumped through the drink room doorway and swung at the deceased with his knife. The deceased threw up his hands to block the blow and both men fell to the floor. Brown immediately returned to the drink room and pulled the two apart. He then saw appellant’s knife embedded in the deceased’s side. Brown drew the knife from the deceased’s side and told appellant, who was standing nearby with a butcher knife in his hand, not to cut the deceased any more. Appellant left by the back door and the deceased died shortly.
The jury rejected appellant’s testimony that the deceased had the butcher knife in his hand when appellant entered the drink room and that appellant had acted in self-defense. Appellant testified that he had picked up the butcher knife only after the deceased had dropped it in the fight.
Appellant first contends that even though the death penalty was not given, he was denied equal protection and due process of law because a prospective juror was excused from the panel due to his expressed conscientious scruples against the imposition of the death penalty. Appellant argues that the systematic exclusion of those that object to capital punishment within the community from which a jury venire is drawn violates the equal protection clause because a so-called “death qualified” jury is incapable of making an impartial determination on the issue of guilt or on the issue of punishment. Appellant cites the case of Crawford v. Bounds, 395 F.2d 297 (4th Cir. Apr. 11, 1968).
We believe that this question is controlled by the later (June 3, 1968), U.S. Supreme Court cases of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776 (1968), and Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797 (1968). In Witherspoon, where prospective jurors were summarily dismissed because of their conscientious scruples against imposition of the death penalty without inquiring as to whether they would refuse to consider its imposition in the case before them, the Court reversed the conviction because the jury fell short of that impartiality required as arbiter of the punishment to be imposed. However, on the question of the competence of a jury so selected to determine the issue of guilt, the Court stated:
The petitioner contends that a State cannot confer upon a jury selected in this manner the power to determine guilt. He maintains that such a jury, unlike one chosen at random from a cross section of the community, must necessarily be biased in favor of conviction, for the kind of juror who would be unperturbed by the prospect of sending a man to his death, he contends, is the kind of juror who would too readily ignore the presumption of the defendant’s innocence, accept the prosecution’s version of the facts, and return a verdict of guilt * * *
*736 * * * We simply cannot conclude either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction. In light of the presently available information, we are not prepared to announce a per se constitutional rule requiring the reversal of every conviction returned by a jury selected as this one was. (88 S.Ct. at 1774, 1775)
In Bumper, the defendant was convicted of rape and sentenced to life imprisonment. On appeal he argued that his constitutional right to an impartial jury was violated when the prosecution was permitted to challenge for cause prospective jurors who stated that they were opposed to capital punishment or had conscientious scruples opposing the death penalty. The Court stated:
In Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, decided today, we have held that a death sentence, cannot constitutionally be executed if imposed by a jury from which have been removed for cause those who, without more, are opposed to capital punishment or have conscientious scruples against imposing the death penalty. Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment. The petitioner argues, however, that a jury qualified under such standards must necessarily be biased as well with respect to a defendant’s guilt, and that his conviction must accordingly be reversed because of the denial of his right under the Sixth and Fourteenth Amendments to trial by an impartial jury * * * We cannot accept that contention in the present case. The petitioner adduced no evidence to support the claim that a jury selected as this one was is necessarily “prosecution prone,” and the materials referred to in his brief are no more substantial than those brought to our attention in Witherspoon. Accordingly, we decline to reverse the judgment of conviction upon this basis. (88 S.Ct. at 1790)
In the present case, the jury recommended a sentence of life imprisonment. We do not believe the exclusion of a prospective juror because of his feelings concerning the death penalty resulted in a panel biased with respect to appellant’s guilt or deprived appellant of due process and equal protection of the law.
 Appellant next contends that the verdict was against the overwhelming weight of the evidence. We believe the jury was justified in finding the facts as stated above. All of the witnesses were in substantial agreement as to how the slaying occurred. Only appellant’s account of the two incidents differed in any material aspect from the testimony of the other witnesses. The testimony established that appellant was the aggressor in both incidents and that at the time of the slaying the deceased was weaponless. The jury is the sole judge of the credibility of witnesses and may accept or reject the testimony of any witness. McLelland v. State, 204 So.2d 158 (Miss.1967).
Finally, appellant contends that the court erred in approving the following instruction :
The Court instructs the jury for the State that while malice aforethought is a necessary ingredient in the crime of murder, still malice aforethought means the same as killing a human being with the deliberate design to effect the death of the person killed; and this malice aforethought and deliverate (sic) design do not necessarily mean hatred or ill will, and need not exist in the mind of the defendant for any definite time, not for days or hours or even minutes, but if the de-liverate (sic) design to kill exists but for an instant at the very time the deceased, Reginald “Red” Harris, was killed, this is sufficient premeditation and deliberation to constitute the offense.
*737 The instruction is almost identical to the instruction approved in Huddleston v. State, 134 Miss. 382, 98 So. 839 (1924), and Wixon v. State, 229 Miss. 430, 90 So.2d 859 (1956).
After careful consideration of the points argued and the entire record we are of the opinion that reversible error has not been shown and that the case should be affirmed.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.