297 So.2d 888 (1974)
Lanell PITTMAN
v.
STATE of Mississippi.
No. 47915.
Supreme Court of Mississippi.
July 15, 1974.
*889 Singley & Morgan, Columbia, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Lanell Pittman was convicted in the Circuit Court of Marion County for the murder of Enoch Watson and sentenced to serve a life term in the Mississippi State Penitentiary. Pittman's defense was that the homicide was justifiable under Mississippi Code Annotated section 97-3-15(f) (1972) in that he acted in necessary self-defense when he killed Watson.
The defendant and Watson had a previous difficulty on October 30, 1971 and as a result the defendant was severely injured requiring his hospitalization for more than a week. Watson was not tried on the indictment. Nineteen defense witnesses testified that the reputation of Watson in the community for peace and violence was "real bad," or that Watson had threatened to kill the defendant.
The homicide occurred at a rural store owned by Robert Henry Pittman on the morning of September 7, 1972. Defendant and his father, Bostick Pittman, went into the store of Robert Henry Pittman where Robert Henry Pittman and Otho Forbes were present. While the four men were seated near the rear of the store Watson entered the front door and the store owner made his way to a counter at the front of the store for the purpose of waiting on him. Watson obtained a Coca-Cola from a soft drink machine, returned to the counter and paid for a package of cigarettes that the store owner obtained for him. At this time Watson's back was turned toward the men in the rear of the store and it is at this point that the accounts given by the witnesses vary significantly.
Robert Henry Pittman testified that, as he handed Watson his change, the defendant approached from the rear, gun in hand; that the defendant opened fire when he was approximately 4 feet behind Watson who collapsed to the floor with 5 bullet holes in his back. Otho Forbes testified that when Watson entered the store the defendant concealed himself behind a wall. Forbes further testified that the defendant left his position behind the wall and approached Watson from the rear and commenced firing. He further testified that after Watson fell to the floor the defendant fired two or three more shots into Watson's prone body. Neither Forbes nor Robert Henry Pittman saw Watson make any movement with his hands or otherwise that could have provoked the defendant's attack.
The defendant testified in his own behalf and stated that he heard a truck approach the store and saw Watson standing outside the store with a sawed-off shotgun. When Watson entered the store he did not have the shotgun. Watson asked for cigarettes, walked to the soft drink machine, and turned around and glared at him. The defendant said that when Watson returned to the counter, he started walking toward the front of the store intending to leave in order to avoid any trouble; that as he approached Watson, Watson "went to his *890 pocket" and the defendant then started shooting. The defendant's father, Bostick Pittman, testified that as he and the defendant were attempting to leave the store Watson "cut his eyes" and "went to his pocket" whereupon the defendant shot him.
One of the assignments of error is as follows:
The court erred in refusing appellant's instruction number 1 and overruling appellant's motion for a new trial and overruling appellant's motion for a judgment notwithstanding the verdict for the reason that the evidence in this case is not sufficient to sustain a conviction and the verdict of the jury is against the overwhelming weight of the evidence and evidences bias, passion and prejudice.
The peremptory instruction requested by the defendant was properly refused and the evidence was sufficient to make a jury question on the charge of murder. We therefore hold that this assignment of error is not well taken.
Defendant also assigns the following as error:
The court erred in failing to sustain appellant's motion for a mistrial made during the voir dire examination of jurors, which objection was made to a statement of the District Attorney that the State of Mississippi did not have to prove that the appellant did not shoot in self-defense, and the court's agreeing with the statement in the presence of the entire jury panel, and further, that the court erred in sustaining objection of the State of Mississippi made during the court [sic] of defense counsel's argument to the jury and stated outloud in the presence of the jury, "Well, it is not a burden on the State to prove."
This assignment of error raises questions that occurred at two different times during the trial. The first was on voir dire of the jury and the second during the closing argument.
When defendant's attorney was questioning the prospective jurors the following transpired:
BY MR. SINGLEY:
Now ladies and gentlemen, if this defendant does not take the witness stand and if the State of Mississippi fails to prove to you from the evidence up here (indicating witness chair) beyond a reasonable doubt that this defendant did not shoot in shelf [sic] defense will you vote to acquit him?
BY MR. DANTIN:
This is on the record. Awhile ago counsel said in other words the State had to prove that he did not shoot in self defense. I simply made the statement and I make it again I do not think that it is a proper statement of the law and when the right of self defense is asserted by the defendant then he must move with proof.
BY THE COURT:
I said the court agreed with that statement of the law and Mr. Singley has asked a question similar in structure to that asked before but which I think is proper as asked at this time so let the record show those statements were made and Mr. Dantin did make the statement before that he has just made at this time and the court agreed that statement is proper but will allow the jury to respond to Mr. Singley's last question.
BY MR. SINGLEY:
I want to make a motion for mistrial on that point.
(JURY RETIRES)
BY MR. SINGLEY:
I just want the record to show that those statements or substantially those same statements were made prior to the record being made in the presence of the jury. Is that a correct statement?

*891 BY THE COURT:
Let the record show the same statements just made into the record were made in the presence of the jury and let the motion for a mistrial be OVERRULED.
Defendant contends that the jury was told that the burden of proving self-defense rested on him. His contention, stated differently, is that the burden of proof shifted to him. It is elementary that the burden of proof never shifts from the State in a criminal case. Hosey v. State, 136 Miss. 5, 100 So. 577 (1924); Hampton v. State, 99 Miss. 176, 54 So. 722 (1911) and cases annotated under Criminal Law, Mississippi Digest. The distinction between the burden of proof and the burden of adducing evidence was clearly set forth in Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963) where the Court stated:
This rule is expressed in 22A C.J.S. Criminal Law § 573, pp. 317, 318-319, as follows: "In accordance with the general rules * * * the prosecution always has the burden of proving the guilt of accused beyond a reasonable doubt, accused never has the burden of satisfying the jury of his innocence, or to disprove facts necessary to establish the offense charged; but he has only the burden of raising a reasonable doubt of his guilt, and it has even been held that he does not have that burden.
"There is a manifest distinction, however between the burden of proof and the burden of adducing evidence, also known as the burden of explanation, and, while the burden of proof never shifts, the burden of adducing evidence may shift from side to side according to the testimony, and it may require accused to produce testimony for himself or suffer an inference of guilt from the facts already proved to be drawn against him by the jury. * * *" Dobbs v. State, 200 Miss. 595, 27 So.2d 551, 29 So.2d 84; White v. City of Philadelphia, 197 Miss. 166, 19 So.2d 493, Suggestion of Error Overruled, 19 So.2d 744; Page v. State, 160 Miss. 300, 133 So. 216; State v. Marquardt, 139 Conn. 1, 89 A.2d 219, 31 A.L.R.2d 1206. Cf. Forbert v. State, (179 Miss. 66, 174 So. 248), supra. (246 Miss. at 62, 63, 149 So.2d at 326).
In Reddix v. State, 134 Miss. 393, 98 So. 850 (1924) we stated:
The burden of proving the guilt of the defendant to a moral certainty and beyond every reasonable doubt is one which the state must always carry, and until it had done so it was not incumbent on the defendant to show anything. A reasonable doubt of the defendant's guilt, which would require his acquittal, may arise from the evidence offered by the state, or from a lack of evidence of guilt; ... (134 Miss. at 397, 98 So. at 850).
When the defendant made a motion for a mistrial following the statement of the district attorney quoted above, no proof had been offered. At that time the court did not know what evidence might be offered, and could not know that self-defense might arise from the evidence offered by the state or from a lack of evidence; therefore, the court properly overruled the motion for mistrial.
The second part of this assignment of error is covered by paragraph one of the bill of exceptions which is as follows:
During the course of argument by defense counsel, defense counsel made a statement to the effect that the State had the burden of proving that the defendant, Lanell Pittman, did not act in self-defense, and the District Attorney arose to his feet and objected and stated that that was not the law, and the Court, thereupon, stated "outloud" and in the presence of the jury, "Well, it's not a burden on the State to prove." No exception was taken by defense counsel to the Court's ruling. No request was *892 made for record to be made on any such alleged statements.

A different situation arose on the bill of exceptions when, after all the proof was in, the court stated that it was not a burden on the State to prove. This was error but the error was not preserved because the defendant's attorney did not object to the statement, did not object to the court's ruling and did not make a motion for a mistrial at this time. Contemporaneous objection is necessary to preserve the right to raise a point on appeal. Myers v. State, 268 So.2d 353 (Miss. 1972).
Defendant assigns as error the following instruction which was given for the State:
INSTRUCTION NO. 5
The court instructs the jury for the State of Mississippi that while malice aforethought is a necessary ingredient to the crime of murder, still "malice aforethought" means the same thing as killing a human being with the deliberate design to effect the death of the person killed; and that malice aforethought and deliberate design do not necessarily mean hatred or ill will, and need not exist in the mind of the defendant for any definite time, not for days or hours or even minutes, but if the deliberate design to kill exists but for an instant at the very time the fatal blow was struck, this is sufficient premeditation and deliberation to constitute the offense of murder. (Emphasis supplied).
This instruction was approved in Joseph v. State, 218 So.2d 734 (Miss. 1969); however, a similar instruction was considered in McDonald v. State, 78 Miss. 369, 29 So. 171 (1901). The instruction was as follows:
"The court instructs you for the state that while premeditation and malice aforethought are necessary ingredients in the crime of murder, this does not mean hatred or ill will, but means the same in law as deliberate design, and need not exist in the mind of the slayer for any definite time, not for days or hours, or even minutes, but if the design to kill existed but for an instant, at the very time the fatal blow was struck, this is sufficient premeditation to constitute the offense." (78 Miss. at 370, 29 So. at 171). (Emphasis supplied).
This Court held that it was error to grant the instruction for the following reasons:
The second instruction given for the state is fatally erroneous. The words "the offense," in the instruction, mean murder, and the effect of the instruction is to tell the jury that if "the design to kill' existed but an instant, at the very time the fatal blow was struck, the appellant was guilty of murder. Now, manifestly, the design to kill might exist, and the killing be merely manslaughter. This instruction pares away the rights of defendant, and requires the jury to convict of murder no matter what the provocation, and even though the killing was done in the heat of passion and on sudden provocation. Its vice is it eliminates manslaughter as a possible finding from the case, if only the design to kill existed as stated, etc... . (78 Miss. at 375, 29 So.2d at 171, 172).
In Ellis v. State, 108 Miss. 62, 66 So. 323 (1914) the State, in a murder case, obtained the following instruction:
(b) "The court charges the jury, for the state, that murder is the unlawful and felonious killing of a human being with malice aforethought, and in this case, if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully and feloniously killed Sidney Harris with malice aforethought, then it is your sworn duty to find defendant guilty. The court further charges you that the term `malice aforethought' means design or intention or purpose to effect the death of the person killed." (108 Miss. at 67, 66 So. at 324).
*893 With reference to the instruction the Court stated:
The definition of "malice aforethought" in the last sentence of the second instruction is obviously wrong, since a homicide may be designed and intended, and at the same time entirely justifiable. It is always safer for the representative of the state to follow the beaten path and ask only for such instructions as have been approved by the courts. (108 Miss. at 67, 66 So. at 324).
After mature consideration we have determined that the instruction in the case at bar is erroneous in the form in which it was given and we expressly overrule our holding in Joseph v. State and all other cases holding to the same effect. We find the reasoning in McDonald and Ellis compelling.
The vice of the instruction is that it requires the jury to convict the defendant of murder if it finds that premeditation or deliberate design to kill the deceased existed at the time the killing occurred. The instruction fails to inform the jury that there are instances in which a deliberate design to kill may exist at the moment the fatal blow was struck and yet the homicide may be justifiable or excusable. Mississippi Code Annotated section 97-3-15 (1972) lists eight situations under which homicide is justifiable, and Mississippi Code Annotated section 97-3-17 lists three situations under which homicide is excusable. In addition thereto, the deliberate design to kill might exist and the killing be manslaughter. This instruction pared away the rights of the defendant and required the jury to find him guilty of murder even though the killing might have been justifiable by reason of self-defense. One may have a deliberate design to kill and yet not be guilty of murder.
It is argued that the instruction is not erroneous when it is read with the instructions obtained by the defendant setting forth clearly his theory of self-defense. With this argument we cannot agree. The fallacy in that argument is that all the instructions cannot be read together and make a consistent whole. The instruction under consideration is in irreconcilable conflict with other instructions. The defendant's self-defense instructions did not cure the error because they are in hopeless conflict with the last clause of this instruction. Hudson v. State, 295 So.2d 766 (Miss. 1974); Butler v. State, 177 Miss. 91, 170 So. 148 (1936).
Instructions should be given only if they are applicable to the facts developed in the case being tried. Since every killing of a human being is murder unless facts are shown which would make the homicide justifiable, excusable or reduce it to manslaughter, instructions dealing with "deliberate design" should take into consideration and be limited by the facts developed by the evidence. If there are facts which, if believed by the jury, would make the homicide justifiable or excusable or reduce it to manslaughter, the instruction should be qualified to take these facts into consideration. For an example of an instruction in a murder case where self-defense was claimed see Peterson v. State, 242 So.2d 420 (Miss. 1970).[1]
*894 We hold that it was error to give Instruction No. 5 for the State. We find no merit in the other assignments of error.
Reversed and remanded.
All Justices concur except BROOM, J., who took no part.
NOTES
[1] The appellant argues that Instruction Number 2 granted the State is erroneous. This instruction is as follows:

The Court instructs the jury for the State that the malice aforethought mentioned in the indictment does not have to exist in the mind of the slayer for any given length of time; and if at the very moment of the act of violence, if any, the defendant, Fred Peterson, acted with the deliberate design to take the life of Henry Lee Bond, and not in necessary self-defense, real or apparent, then it was as truly malice and the act was as truly murder as if the deliberate design had existed in the mind of the defendant for minutes, hours, days, weeks, or even years.
This instruction in one form or another, has been approved by this Court for many years. See Lambeth v. State, 23 Miss. 322, supra: Mills v. State, 196 Miss. 287, 17 So.2d 215, supra; Durrah v. State, 44 Miss. 789, supra: Carter v. State, 198 Miss. 523, 21 So.2d 404 (1945); Hudson v. State, 185 Miss. 677, 188 So. 561 (1939); Busby v. State, 177 Miss. 68, 170 So. 140 (1936); Johnson v. State, 140 Miss. 889, 105 So. 742 (1925); Huddleston v. State, 134 Miss. 382, 98 So. 839 (1924). This instruction is to be distinguished from an instruction stating, "if the design to kill exists but for an instant [etc.]" See McDonald v. State, 78 Miss. 369, 29 So. 171 (1900). (242 So.2d at 427). (Emphasis supplied).