BROOM, Justice, for the Court:
Manslaughter conviction (upon an indictment charging her with the murder of her husband)' and a twenty year penitentiary sentence resulted from appellant’s (Petty’s) trial in the Circuit Court of Oktibbe-ha County. We affirm.
Appellant argues that: (1) State’s Instruction No. 3 was error; (2) the lower court should have applied the Weathersby Rule; and (3) the verdict was against the overwhelming weight of the evidence.
Testimony shows that between 7:00 and 8:00 o’clock p. m. on December 19, 1974, *414 the appellant called Mr. Smith, her neighbor, to come to her house. Upon arrival, Smith found the dead body of appellant’s husband. Smith stated that appellant told him that an intruder robbed her husband and shot him five times with a pistol. Subsequently, she told the same version to the officers, including Special Investigator Bill Harpole. Later she admitted to Har-pole that she killed her husband, whom she referred to as a “mean man” and “she would do it again.” After Harpole, using a magnet, recovered the pistol from the well, appellant took a polygraph test and then confessed in writing that she killed her husband in a fight, but she said that the killing was “in self-defense.”
State’s Instruction No. 3 is said to be error because it did not require the jurors to put themselves in appellant’s place and judge her acts by facts and circumstances surrounding her at the time of the incident. At trial the only objection to the instruction was a general objection that it was not a proper statement of the law. This argument is not properly before us because (under Rule 42 of this Court) we will not consider argument based on the granting of an instruction unless specific objection was made below. Evans v. State, 315 So.2d 1 (Miss.1975); Entrican v. State, 309 So.2d 851 (Miss.1975). Moreover, instructions similar to that complained of have been approved by this Court in several cases. It was appellant’s burden to request that the jury be instructed “to put themselves in defendant’s place” if such an instruction were desired. Newell v. State, 308 So.2d 71, 78 (Miss.1975).
Next it is argued that a directed verdict should have been granted at the trial based on the Weathersby Rule. Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933).
Interesting is the fact that the appellant’s version of the killing was presented during the trial by the state’s introduction of her written statement admitting that she killed her husband, but that “it was in self-defense.” At trial she did not testify in her own behalf and upon the record as made out, we do not agree that the Weath-ersby Rule is applicable. Her version in several respects is not reasonable and her “self-defense” argument is substantially contradicted by testimony of other witnesses. Her own version, if it can be accepted as such, is certainly contradictory in that she originally contended that a robber killed her husband, and then she admitted killing him. Another factor is her attempt to conceal participation in the shooting by placing the pistol in the well. Her description of the episode as a “fight” is at least to some extent contradicted by the fact that there were no cuts, bruises, scratches or other evidence of a fight upon her person after the killing. This is not one of those rare cases where the Weathersby Rule will operate to acquit an accused. Null v. State, 311 So.2d 654 (Miss.1975); Sartain v. State, 311 So.2d 343 (Miss.1975).
Finally, it is argued by appellant that the jury verdict was against the overwhelming weight of the evidence. We find no merit in this argument because appellant’s theory of self-defense was considered by the jury upon instructions covering both murder and manslaughter. We cannot say that the jury erred in rejecting her plea of self-defense, but it is fair to say on this record that she was fortunate in that the jury found her guilty of manslaughter rather than murder, which it could have done.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.