LEE, Justice,
for the Court.
Bobbie Hull was indicted and tried for murder in the Circuit Court of Attala County. From a conviction of manslaughter and sentence of twelve (12) years she appeals here.
Appellant assigns and argues the following errors in the trial below:
(1) The trial court erred in refusing appellant’s requested Instructions D-7, D-8, and D-9.
(2) The trial court erred in granting the State’s Instruction S-3.
Bobbie Hull, a 28-year-old female, was married to Ernest Hull. Five children were born to the union. For a long period of time, there had been domestic trouble between the Hulls. He frequently struck and threatened her, and, at the time of the homicide, they were separated. Appellant lived in her mother’s house with the children and Hull visited them and had the children visit in his home.
About 6:15 p. m. on August 29,1975, Hull drove to appellant’s home and stopped his car about five (5) feet from a window in which she was sitting. Appellant testified that she told him not to come into the house, that the children were scared and were crying, and that he could come back and get them the next evening. She further testified that he said, “He wasn’t going to do it, that he was coming in and get the boys (all five children were boys) and he was going to kill me.” Hull got out of the car, went around same and started toward the gate. He spoke to people who were sitting on the front porch of a house across the street approximately forty (40) feet away. Those persons did not hear any conversation between appellant and deceased, except one witness, who was in the yard, stated she heard appellant tell him not to come into the house and to go away. When Hull got to the gate, appellant appeared at the door about fifteen (15) feet away and shot him in the right chest with a .38 caliber revolver. He turned and fled toward the house across the street where the people were sitting and, as he ran, appellant followed him and shot a second time, but missed him. Hull jumped up onto the neighbor’s porch, fell face forward and expired.
I.
Did the court err in refusing appellant Instructions Nos. D-7, D-8 and D-9?
The above instructions all deal with defense of a person’s habitation. Appellant relies upon the case of Bowen v. State, 164 Miss. 225, 144 So. 230 (1932). In that case, one McFerrin had been molesting Mrs. Bowen, repeatedly came to her home in the absence of her husband and made lewd proposals to her. She warned him not to come back. On the occasion of the homicide, McFerrin had entered her home. She obtained a shotgun and made him leave. He went out one door and started back in the house through another door with the *62 avowed purpose of raping her. It was at that point when he was entering the house that she shot him. In Bowen, the State was granted an instruction on murder and no manslaughter instruction was asked for or granted. The Court held that, at most, the facts of the case could not support a verdict of any conviction greater than manslaughter and that the murder instruction entirely ignored the defense of habitation. No instruction on defense of habitation was asked for or granted.
Mississippi Code Annotated § 97-3-15 (1972) defines justifiable, homicide as being “ . . . (e) When committed by any person in resisting any attempt unlawfully to kill such person or to commit any felony upon him, or upon or in any dwelling-house in which such person shall be; . ”
Instruction No. D-10 [Appendix I], granted at the request of appellant, advised the jury that she had a right to keep a pistol in her house and to kill the deceased, if it reasonably appeared to her that he was undertaking to force an entrance into her house with the design to do her some great personal injury. That instruction presented the defense of habitation issue and the last part “ . . . with the design to do her some great personal injury” followed the evidence of the appellant to the effect that “He was coming in . and he was going to kill me.” The instruction adequately set forth appellant’s right to protect her domicile from unlawful entry. Ross v. State, 234 Miss. 309, 106 So.2d 56 (1958).
Instruction No. D-6 [Appendix II] told the jury that, if they believed the deceased was larger and stronger than defendant (he weighed 260 lbs., she weighed 120 lbs.), and that she was liable to receive serious bodily injury at his hands, she was justified in shooting him to defend herself from attack, even though the deceased was wholly unarmed. Under the facts of this case, the jury having been instructed on the defense of habitation and on self-defense, it was not error to refuse the other three instructions relating to defense of habitation.
II.
Did the court err in granting Instruction No. S-3 for the State?
The instruction defines “malice,” is a dangerous instruction and should not have been given. Pittman v. State, 297 So.2d 888 (Miss.1974); Ellis v. State, 108 Miss. 62, 66 So. 323 (1914); McDonald v. State, 78 Miss. 369, 29 So. 171 (1901). However, no objection was made to the instruction, and under Supreme Court Rule 42, the Court will not consider the assignment. Petty v. State, 332 So.2d 413 (Miss.1976); Evans v. State, 315 So.2d 1 (Miss.1975).
Further, the instruction dealt with the crime of murder. Since the appellant was found guilty of manslaughter, it is apparent that the jury was not influenced by the malice instruction and was not prejudiced thereby. Hailes v. State, 315 So.2d 917 (Miss.1975); King v. State, 315 So.2d 925 (Miss.1975); Null v. State, 311 So.2d 654 (Miss.1975); Minor v. State, 302 So.2d 248 (Miss.1974); Bragg v. State, 210 So.2d 652 (Miss.1968).
There being no reversible error in the record, the case must be and is affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.
APPENDIX I
“D. INSTRUCTION NO. 10
The Court instructs the jury that the defendant had a perfect right to keep a pistol in her house where she was living, and she had a right to use said pistol and kill Ernest Hull, even though he was her husband, if it reasonably appeared to her as a reasonable woman at the time that the said Ernest Hull was undertaking to force an entrance into her house, with the design to do her some great personal injury.”
*63 APPENDIX II
“D. INSTRUCTION NO. 6
The Court instructs the jury that if the deceased was a much larger and stronger man than the defendant, so much so that the defendant was absolutely incapable of coping with him in a physical combat, and was liable to receive serious and great bodily injuries at the hands of the deceased in the event that they became engaged in such combat, and if you believe that the defendant apprehended such combat then the defendant was justified in shooting the deceased or in using a deadly weapon to defend herself from the attack of the deceased, even though the deceased had been wholly unarmed, and the defendant was in no danger from the deceased, except such as might be inflicted by the deceased with his hands and feet.”